**Paul GINSBURG, Appellant,**

v.

**Bonn Kraus GINSBURG and John Paul Ginsburg, Minors, by their Guardian Ad Litem, Betty K. Ginsburg, Appellees.**

**No. 16768.**

United States Court of Appeals
Ninth Circuit.

Feb. 10, 1960.

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Moore & Romley, Phoenix, Ariz., for appellee.

Before STEPHENS, BARNES and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

Appellees move to dismiss this appeal on the ground that "appellant has not filed a notice of appeal from a final decision of the district court."

Briefly, the record reveals that the Mutual Life Insurance Company of New York commenced an interpleader action in the District Court of the United States for the Western District of Pennsylvania to require appellees and appellant to litigate their respective claims to the proceeds of several policies of life insurance. After depositing the proceeds with the court the company was discharged. An issue was then framed between the adverse claimants, appellees as plaintiffs and appellant as defendant. On motion of appellees, resisted by the appellant, the suit was then transferred to the United States District Court for the District of Arizona where trial to the Court was held. After the Court had announced that judgment would be entered for appellees, appellant moved to re-transfer the cause, and this motion was denied. On June 19, 1959, Findings of Fact and Conclusions of Law were filed and judgment favorable to appellees was entered. This judgment was based upon a single claim jointly asserted by the appellees and rendered jointly in their favor for the entire sum claimed; appellant recovered nothing.

On June 27, 1959, appellant filed a "Motion for New Trial; for Reconsideration of Motion to Retransfer the cause for lack of Jurisdiction; and to Vacate and set aside Findings, Conclusions, Order and Judgment." This motion was denied in its entirety by a minute order of the Court made September 21, 1959, and on October 20, 1959, appellant filed a notice of appeal which in its entirety reads as follows:

Notice is hereby given that Paul Ginsburg, the above named Interpleaded Defendant hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Orders of Court entered in this action on the 21st day of September, 1959.

Appellees contend in substance that since by the plain provisions of 28 U.S.C. § 1291 this court is only vested with jurisdiction to consider appeals from "final decisions" of district courts, and since appellant in the above notice is appealing only from an order denying motions for a new trial, to re-transfer the cause and to set aside judgment, the appeal must be dismissed because none of such orders constitutes a final decision from which an appeal will lie.

However, though it is true that none of the orders referred to in the notice of appeal before us constitutes a final decision, we nevertheless believe that appellees' motion to dismiss is not well taken for the reason that appellant's notice of October 20, 1959, is in fact a notice of appeal from the judgment of June 19, 1959.

Rule 73, 28 U.S.C., so far as pertinent here, provides that "(a) * * * A party may appeal from a judgment by filing with the district court a notice of appeal—" and "(b) The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken—." As already indicated, appellant was a party to the suit. He filed a notice of appeal in the district court; the notice specified that it was he who was taking this appeal and that the appeal was being taken to this court. However, the notice did not designate that the appeal was from a final decision in the case but rather (by reference) designated the appeal to be from the order denying his motion for new trial, to set aside the judgment and to re-transfer.

When the notice of appeal was filed there was a final decision—the judgment entered June 19, 1959.

The language of the notice we believe is such as to leave us two alternatives: first, we can perfunctorily accept the literal statement therein that the appeal is from the order denying the motion for new trial and to set aside the judgment; this approach will lead to the inevitable conclusion that the appeal must be dismissed; or, secondly, we can look to the nature of these two motions and consider the effect that either, if granted, would have had on the judgment, and from this infer that appellant by his notice of appeal actually intended to and in fact was attacking the judgment itself.[1] This latter approach appeals to us as more compatible with the spirit of the statutory admonition contained in 28 U.S.C. § 2111 that "[o]n the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties", than would a policy of adherence to a strict construction of Rule 73(b).[2] Hoiness v. United States, 1953, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16; United States v. Arizona, 9 Cir., 1953, 206 F.2d 159, 160, 161–162 (Pope, J., dissenting), reversed 1953, 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed. 405; Nolan v. Bailey, 7 Cir., 1958, 254 F.2d 638.

In sum, to employ the language used by the Court of Appeals of the Fifth Circuit in Atlantic Coast Line R. Co. v. Mims, 1952, 199 F.2d 582, 583: "[w]hile we agree with appellees that an appeal will not lie from an order overruling a motion for new trial we agree with appellant that, though the order appealed from was misnamed, it clearly enough appears from the record as a whole that the intent was to appeal from the judgment, and that that intent should be given effect."

The motion to dismiss appeal is denied.

---

1. It should be noted that there can be no uncertainty as to the particular judgment referred to in the notice of appeal since as already pointed out the judgment of June 19, 1959, in favor of appellees jointly was the only judgment entered.

2. Rule 61 might also be mentioned. This rule likewise announces the doctrine of harmless error. As Prof. Moore says in his work on Federal Practice: "Techni-