Philip D. CANCELLIER, John W. Costello and Zelma Smith Ritter, Plaintiffs-Appellants/Cross-Appellees,

v.

FEDERATED DEPARTMENT STORES d/b/a I. Magnin, Defendant-Appellee/Cross-Appellant.

Nos. 81–4154, 81–4165.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 1981.

Decided March 30, 1982.

As Amended on Denial of Rehearing and Rehearing En Banc May 27, 1982.

Robert S. Daggett, Brobeck, Phleger & Harrison, San Francisco, Cal., argued for defendant-appellee/cross-appellant; Donald D. Connors, Brobeck, Phleger & Harrison, San Francisco, Cal., on brief.

Maureen McClain, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., argued for plaintiffs-appellants/cross-appellees; Henry D. Lederman and Barbara de Oddone, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., on brief.

Before SNEED and PREGERSON, Circuit Judges, and EAST *, District Judge.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

SNEED, Circuit Judge:

The plaintiffs below and appellants here, Philip D. Cancellier, John W. Costello, and Zelma Smith Ritter, are former employees of I. Magnin, the defendant below and cross-appellant here. They won a jury verdict in the district court totalling $1.9 million, plus court-awarded attorneys' fees of $400,000, on their claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1976 & Supp. II 1978) and pendent state claims. They appeal denial of their motions for reinstatement and for an injunction against I. Magnin. I. Magnin cross-appeals the judgment primarily on grounds of improper ADEA instructions, use of a general verdict, and an erroneous award of compensatory and punitive damages for breach of the implied covenant.[1] We affirm.

## I.

### FACTS

Plaintiffs-appellants are former executives of I. Magnin. Cancellier was vice president for stores and operations. Costello was divisional merchandise manager for accessories. Ritter was a buyer of sportswear. In early 1978 they were terminated after having been employed at I. Magnin for twenty-five, seventeen, and eighteen years, respectively. In July 1979 they brought this action in the United States District Court for the Northern District of California alleging that their terminations violated the ADEA. They sought back pay, liquidated damages, reinstatement to their former positions, and an injunction against further age discrimination at I. Magnin. Appellants also raised claims under California law for breach of employment contract

and breach of the implied covenant of good faith and fair dealing. Costello sought additional relief claiming fraud in connection with a promise of future employment at I. Magnin.

After a six-week trial the jury returned general verdicts in favor of Cancellier in the amount of $800,000, Costello in the amount of $600,000, and Ritter in the amount of $500,000. The jury also returned verdicts in favor of I. Magnin on Costello's fraud claims. Both sides appeal. For convenience, I. Magnin's cross-appeal is discussed first.

## II.

### I. MAGNIN'S CROSS–APPEAL

#### A. ADEA "Determining Factor" Standard

The ADEA makes it unlawful for an employer to discharge any individual because of such individual's age. 29 U.S.C. § 623(a) (1976). In *Kelly v. American Standard, Inc.*, 640 F.2d 974, 984–85 (9th Cir. 1981), this court set out the requirements for a proper jury instruction on age discrimination. We adopted the "determining factor" test established in *Laugesen v. Anaconda*, 510 F.2d 307, 317 (6th Cir. 1975), and restated as a "but for" test in *Loeb v. Textron*, 600 F.2d 1003, 1019 (1st Cir. 1979). We rejected the argument that plaintiff must prove age was the sole factor in his discharge, and upheld a jury instruction stating that plaintiff has the burden of proving that one of the reasons he was terminated was because of his age, and that he should prevail if this factor "made a difference" in determining whether the plaintiff was retained or discharged.[2]

---

1. I. Magnin also includes numerous other grounds in its appeal including failure to instruct on constructive discharge, failure to properly instruct on the method of calculating ADEA and breach of contract damages, partisan conduct, incorrect evidentiary rulings, incorrect award of attorneys' fees, failure to grant I. Magnin's motions for new trial or remittitur, and failure to grant I. Magnin's pretrial motion for separate trials.

2. The jury instruction summarized in *Kelly* is set out at greater length below.

INSTRUCTION NO. 9

The plaintiff has the burden of proving:
(1) that one of the reasons he was terminated was because of his age; and
(2) that as a result of the termination, he has suffered damage.

Title 29, Section 623(f), United States Code, provides that it shall not be unlawful for an employer to discharge any individual

The essence of a proper jury instruction under *Kelly* is that it require the jury to focus on the marginal effect of the age factor. Age need not be the sole factor in a discharge or other discriminatory practice. Conversely, it is not enough that age discrimination be present or even that it figure in the decision to fire; age must "make a difference" between termination and retention of the employee in the sense that, but for the presence of age discrimination, the employee would not have been discharged.

Here the district judge instructed the jury that "[a]ge must be a determining factor in an employer's personnel policies or practices before violation of the Act occurs." The district judge completely failed to give any guidance as to the meaning of "determining factor" in lawsuits under the ADEA, or to refer to the *Laugesen* and *Loeb* test we adopted in *Kelly v. American Standard, Inc.* This was error. The words "determining factor" are not self-explanatory. In general, fair application of the Act requires the trial judge to formulate precisely what employer conduct the ADEA redresses and what employer conduct it leaves undisturbed. Because the attribute with which the statute is concerned comes to each of us in time, it will inevitably be present in a multitude of employee discharges. It will be a factor in many and a determining factor in some. It is only this last group that can obtain relief under the ADEA, even though, in the broad sense, it aims to benefit the entire aged employment force.

An erroneous ruling which relates to the substantial rights of a party is grounds for reversal unless it affirmatively appears from the whole record that its was not prejudicial. *McCandless v. United States,* 298 U.S. 342, 347–48, 56 S.Ct. 764, 766, 80 L.Ed. 1205 (1936). This is especially true of an error in jury instructions. *Fillippon v. Albion Vein Slate Co.,* 250 U.S. 76, 82, 39 S.Ct. 435, 437, 63 L.Ed. 853 (1919). However, a careful reading of the transcript and record convinces us that in this case the instruction does not require reversal. Giving it was harmless error.

There is no indication in the proceedings that the outcome would have changed if the *Kelly* jury instruction had been given; to the contrary, it affirmatively appears from the record that the instruction did not prejudice defendant. This case was not decided by a hairsbreadth. There was ample evidence that consideration of age "made a difference" in the termination of Cancellier, Costello, and Ritter. *Cf. Van Domelen v. Westinghouse Electric Corp.,* 382 F.2d 385, 387 (9th Cir. 1967) (ample evidence of forebearance); *TSS Sportswear, Ltd. v. Swank Shop (Guam) Inc.,* 380 F.2d 512, 522, 523 (9th Cir. 1967) (overwhelming support in record for result below). Unlike the instructions given in cases requiring reversal, which affirmatively stated an erroneous version of the law, *United States v. River Rouge Improvement Co.,* 269 U.S. 411, 420–21, 46 S.Ct. 144, 147–48, 70 L.Ed. 339 (1926); *Fillipon, supra,* 250 U.S. at 83–84, 39 S.Ct. at 437, or forbade the jury to consider what it properly should have considered, *McCandless, supra,* 298 U.S. at 345, 56 S.Ct. at 765, the trial judge's instruction here was merely an unelaborated version of the correct standard. Significantly, the challenged instruction was fashioned by the judge from language submitted by I. Magnin.

While we are extremely reluctant to affirm verdicts based on jury instructions different from those approved in *Kelly* or there equivalent,[3] we find that on the facts of this case refusing a new trial is consistent with substantial justice. Fed.R.Civ.P. 61; *Ginsburg v. Ginsburg,* 276 F.2d 94, 96 n.2 (9th Cir. 1960); 7 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 61.11 & n.1a (2d ed. 1979). The instruction approved in *Kelly* adequately protects against mistaken inferences either that age must be the sole factor in the discharge, or that age may be less than a "but for" cause of the discharge. It is strongly preferred. Here, however, where the record convincingly rebuts any

---

from his employment, or classify his employees in any way, for good cause or where the discharge or classification is based on reasonable factors other than age.

You are instructed that there may be more than one factor in defendant's decision to terminate the plaintiff's employment; but plaintiff is nevertheless entitled to recover if one such factor was his age and if, in fact, it made a difference in determining whether or not the plaintiff was retained or discharged

. . . .

*See Kelly v. American Standard, Inc.,* 640 F.2d 974, 984–85 (9th Cir. 1981).

**3.** *See supra* note 2.

presumption of prejudice, we find the error harmless.

### B. *Use of General Verdict*

I. Magnin contends that the district court committed reversible error by using simple general verdict forms without requiring special interrogatories or any breakdown of the verdict by source of damages.[4] Thus, I. Magnin contends, the possibility of punitive damages not recoverable under the ADEA in this lawsuit[5] or of duplicative damages in the pendent state claims requires a new trial.

 Submission of special interrogatories is a matter committed to the discretion of the district judge. Fed.R.Civ.P. 49(b); *Monsma v. Central Mutual Insurance Co.*, 392 F.2d 49 (9th Cir. 1968); 5A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 49.04 & n.3 (2d ed. 1981). A jury generally is not required to itemize the components that enter into an award of damages. *Neal v. Saga Shipping Co.*, 407 F.2d 481, 489 (5th Cir.), *cert. denied*, 395 U.S. 986, 89 S.Ct. 2143, 23 L.Ed.2d 775 (1969), *cited in Frito-Lay, Inc. v. Local 137, International Brotherhood of Teamsters*, 623 F.2d 1354, 1365 (9th Cir. 1980), *cert. denied*, 449 U.S. 1013, 101 S.Ct. 571, 66 L.Ed.2d 472 (1981), *and cert. denied*, 448 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981) (district court sitting as

trier of fact not required to itemize damage award).

 When state claims for breach of the implied covenant of good faith and fair dealing are joined to claims of age discrimination under the ADEA, however, review of jury verdicts presents special difficulty to appellate courts. A general verdict may conceal punitive damages which may not be allowed under the ADEA. If the state claims are flawed, the entire verdict may have to be reversed. For these reasons, a separate verdict for each claim and a separate verdict on punitive damages is strongly preferred.

 Nevertheless, failure to submit special interrogatories was not an abuse of discretion. *See supra* p. 1317. The amounts awarded here are consistent with a reasonable award on the ADEA and pendent state claims. We find no reversible error. I. Magnin's claim that it is impossible to tell which plaintiffs prevailed on which of their claims is unpersuasive. The court submitted general verdict forms in favor of the defendant on each claim. The jury returned general verdict forms in favor of I. Magnin on Costello's fraud claim and Costello's negligent misrepresentation claim; clearly, all other claims were resolved in favor of the plaintiffs. The verdict is clear as to which plaintiffs prevailed on which claims.

4. The ADEA's proscription against age discrimination is enforced through express incorporation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1976), rather than through independent ADEA remedies. The ADEA provides at 29 U.S.C. § 626(b) that

The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of section 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this chapter ....

Section 216(b) in turn makes employers liable for unpaid minimum wages or unpaid overtime compensation and "an additional equal amount as liquidated damages."

Thus, an employer who violates the ADEA is liable for back wages and benefits, as well as an additional equal amount as liquidated dam-

ages for willful violations. *Kelly v. American Standard, Inc.*, 640 F.2d 974, 978 (9th Cir. 1981). The award of liquidated damages is in effect a substitute for punitive damages and is intended to deter intentional violations of the ADEA. *Id.* at 979; *Dean v. American Sec. Ins. Co.*, 559 F.2d 1036, 1039–40 (5th Cir. 1977), *cert. denied*, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Douglas v. American Cyanamid Co.*, 472 F.Supp. 298, 303 (D.Conn. 1979).

5. The Fourth and Fifth Circuit Courts of Appeal have denied recovery for punitive damages, *see Walker v. Pettit Const. Co.*, 605 F.2d 128, 129–30 (4th Cir. 1979); *Dean v. American Sec. Ins. Co., supra*, although some federal district courts have held punitive damages are available, *see, e.g., Kennedy v. Mountain States Tele. & Tele. Co.*, 449 F.Supp. 1008, 1009–11 (D.Colo.1978). *See also Kelly v. American Standard, Inc.*, 640 F.2d at 983 & n.14 (citing cases). The availability of punitive damages under the ADEA is not an issue in this case, since the judge instructed the jury that punitive damages were not available, Reporter's Transcript at 4079, and the parties have not objected to that instruction.

### C. *Tort Damages for Breach of the Implied Covenant*

Breach of the implied covenant

I. Magnin contends that a claim for breach of the implied covenant under the circumstances here is contrary to California law. The contention is without merit.

■■■ California law recognizes an implied covenant of good faith and fair dealing in certain contracts that neither party will do anything to deprive the other of the benefit of the contract. *See, e.g., Gruenberg v. Aetna Insurance Co.,* 9 Cal.3d 566, 578, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973) (en banc); *Comunale v. Traders & General Insurance Co.,* 50 Cal.2d 654, 658, 328 P.2d 198 (1958). California courts have recently applied the duty created by the implied covenant to the situation where the employee alleges no more than long service and the existence of personnel policies or oral representations showing an implied promise by the employer not to act arbitrarily in dealing with its employees. Such claims sound in both contract and tort and may give rise to emotional distress damages and punitive damages. *Pugh v. See's Candies, Inc.,* 116 Cal.App.3d 311, 171 Cal.Rptr. 917 (1981); *Cleary v. American Air Lines,* 111 Cal. App.3d 443, 168 Cal.Rptr. 722 (1980) (alternative holding). *See Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 179 n.12, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980) (dicta). *Cf.* Note, *Defining Public Policy Torts in At-Will Dismissals,* 34 Stan.L.Rev. 153 (1981) (arguing against application of implied covenant to employment context).

### *Preemption*

■■■ The ADEA does not preempt the award of tort damages on pendent state claims. *Kelly v. American Standard, Inc.,* 640 F.2d 974, 983 (9th Cir. 1981) (upholding emotional distress damages under state age discrimination statute). The award of tort damages on state claims here did not dupli-

cate ADEA relief. Plaintiffs' ADEA claims were based on age discrimination in firing. Plaintiffs' contract and covenant claims were based on I. Magnin's obligation not to deal arbitrarily or unfairly in terminating plaintiffs' employment, an obligation created by I. Magnin's personnel policies and the fact of long service by the employee.[6] Punitive and emotional distress damages for this violation, unavailable under the ADEA,[7] do not duplicate the ADEA award for back pay, lost benefits, and liquidated damages. While the wisdom of allowing open-ended state claims for breach of the implied covenant to coexist with ADEA claims whose financial redress Congress has carefully limited to specific damage elements, *see* 29 U.S.C. § 626(b) (1976); *Kelly v. American Standard, Inc.,* 640 F.2d at 983 n.14, is arguable, it is for Congress, not us, to decide whether state common law remedies trench too closely on the federal scheme. Pendent jurisdiction, of course, is a doctrine of discretion. We recognize that in appropriate circumstances dismissal of the state claims without prejudice is proper. *United Mineworkers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Such circumstances may exist, for example, where the trial judge finds that the state issues predominate in terms of the comprehensiveness of the remedy sought, or that there is a sufficient likelihood of jury confusion in treating divergent legal theories of relief to justify separating state and federal claims. *Id.*

### *Notice*

■■■ I. Magnin contends that it did not have notice of plaintiffs' claims for *tort* (as opposed to *contract*) damages flowing from a breach of the implied covenant. Although the general verdict prevents us from determining with certainty the amount of punitive damages, they necessarily make up a significant portion of the award.[8] But the complaint alleging breach

---

**6.** These claims do not depend on age. Thus, while the requirement of long service makes it more likely that successful plaintiffs will be advanced in years, claims by plaintiffs who are outside the ADEA-protected age range of from forty to seventy years are certainly possible— *e.g.,* a suit by a thirty-seven year old plaintiff with twenty years of service.

**7.** *See supra* note 4.

**8.** The $1.9 million verdict exceeds the maximum allowable award for back pay and bene-

fits under the ADEA consistent with the evidence by approximately $640,000. Thus, $640,-000 is the minimum amount that could have been awarded as punitive (or pain and suffering) damages on pendent state claims.

Plaintiffs' expert witness presented evidence claiming back pay and benefits in the amount of $338,786 for Cancellier, $231,730 for Costello, and $197,097 for Ritter. Plaintiffs' Trial Exhibit 52. If, after deductions of $70,000, $22,500, and $47,500 for severance pay and interim earnings, Plaintiffs' Responding Brief

of the covenant implied in each plaintiff's employment contract was sufficient· notice of plaintiffs' claim. No specific prayer for emotional distress or punitive damages is needed. A final judgment must grant the relief to which the prevailing party is entitled, "even if such party has not demanded such relief in his pleadings." Fed.R.Civ.P. 54(c). Moreover, plaintiffs' pretrial statement itemized the emotional distress and punitive damages sought. On these facts, I. Magnin's claim of inadequate notice is without merit.

*Punitive damages*

■■■■ A jury may award punitive damages if it finds by a preponderance of the evidence that defendant was guilty of malice, oppression, or fraud. Cal.Civ.Code § 3294 (West 1981); *Egan v. Mutual of Omaha Insurance Co.*, 24 Cal.3d 809, 819, 169 Cal.Rptr. 691, 620 P.2d 141 (1979). It is a question for the jury whether defendant's conduct was fraudulent, malicious, or oppressive. *Id.* at 821, 169 Cal.Rptr. 691, 620 P.2d 141. The evidence before the jury adequately supported a finding against I. Magnin on the issue of punitive damages.

### D. *Other Alleged Errors*

I. Magnin's additional claims of error are without merit.[9] A thorough review of the record below establishes that the trial was fairly and properly conducted.

## III.

## APPEAL OF CANCELLIER, COSTELLO, AND RITTER

### A. *Reinstatement and Injunction*

■■■■ The ADEA provides that "in any action brought to enforce [the Act] the court shall have jurisdiction to grant such legal or equitable relief as may be appropri-

ate ... including without limitation judgments compelling employment, . reinstatement or promotion ...." 29 U.S.C. § 626(b) (1976). Reinstatement is not a mandatory remedy; it lies within the discretion of the trial court after careful consideration of the particular facts of the case. *Combes v. Griffin Television, Inc.*, 421 F.Supp. 841, 846 (W.D.Okl.1976). Ordinarily a verdict for plaintiff on the age discrimination claim is *res judicata* on plaintiff's equitable reinstatement claim. *Cleverly v. Western Electric Co.*, 450 F.Supp. 507, 511 (W.D.Mo.1978), *aff'd*, 594 F.2d 638 (8th Cir. 1979). However, courts have refused to grant reinstatement where the employer continued a reduction in force for permissible business reasons, *id.*, or where discord and antagonism between the parties made it preferable to fashion relief from other available remedies, *Combes v. Griffin Television, Inc., supra*, at 846–47.

■■■■ Damages in lieu of reinstatement may be awarded in addition to liquidated damages. However, the value of reinstatement is often speculative.[10] Thus, availability of a substantial liquidated damages award may be a proper consideration in denying additional damages in lieu of reinstatement. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1021–23 (1st Cir. 1979).

■■■■ The trial judge in this case denied reinstatement because he found evidence of acrimony in the record and because he was "fully satisfied that [the verdict] has made the plaintiffs whole." Clerk's Record 124. The court noted the testimony of an I. Magnin officer who referred to plaintiff Ritter as a "cancer." I. Magnin's numerous attacks during the trial on plaintiffs' abilities support the trial judge's conclusion that plaintiffs and I. Magnin could no longer , "co-exist in a business relationship that would be productive to the consumer, com-

48–49, the jury doubled these amounts in an award of liquidated damages, then punitive damages on pendent state claims must have been awarded in amounts of approximately $260,000, $180,000, and $200,000, respectively. *See supra* p. 1315; Plaintiffs' Responding Brief, *supra*. Actual punitive damages may have

been higher. *See* Defendant's Opening Brief 45 n.38.

9. *See supra* note 1.

10. A possible exception would be cases involving the breach of employment contracts of specified duration.

munity or to the business itself." Clerk's Record 125. By virtue of his position in conducting the trial, the judge was peculiarly well-situated to observe the demeanor of plaintiffs and defendants in making this determination. Moreover, in view of the substantial verdict the judge did not abuse his discretion in finding that it had made the plaintiffs whole.

Like the reinstatement remedy, injunctive relief is available under the ADEA when appropriate. The trial judge found that the $2.3 million judgment against I. Magnin, including attorneys' fees, was sufficient to discourage I. Magnin from practicing age discrimination in the future. This finding was not an abuse of discretion.

#### B. *Attorneys' Fees on Appeal*

A grant of fees on appeal is within the discretion of the appellate court. *Kelly v. American Standard, Inc.*, 640 F.2d 974, 986 (9th Cir. 1981). Although plaintiffs did not prevail on their reinstatement and injunction claims, an award of fees on appeal in some amount is appropriate to reflect successful defense of the verdict below. *See id.; Cleverly v. Western Electric Co.*, 594 F.2d 638, 642 (8th Cir. 1979) (fees awarded to plaintiff denied reinstatement). We remand to the district court for a determination of the proper amount.

### IV.

### CONCLUSION

While the instructions approved in *Kelly v. American Standard, Inc., supra*, and separate verdict forms for each claim, as well as a separate verdict form for punitive damages, are preferred, the trial judge did not commit reversible error in instructing the jury on "determining factor" under the ADEA, in using a general verdict, or in allowing tort damages on pendent state claims. Nor was denial of plaintiffs' motions for reinstatement and for injunctive relief against continuing age discrimination at I. Magnin an abuse of discretion. Plaintiffs are entitled to reasonable attorneys' fees in light of the outcome on appeal. The judgment of the district court is affirmed.

AFFIRMED.

