**Mabel E. SMITH, Plaintiff,**

v.

**MEIJER OF OHIO, INC., et al., Defendants.**

**Civ. A. No. C–1–82–701.**

United States District Court, S.D. Ohio, W.D.

May 20, 1983.

Earle J. Maiman, Paxton & Seasongood, Barbara Scott Bison, Cincinnati, Ohio, for plaintiff.

Vincent B. Stamp, Dinsmore & Shohl, Cincinnati, Ohio, James S. Brady, Grand Rapids, Mich., for defendants.

OPINION

DAVID S. PORTER, Senior District Judge.

This age discrimination case is before the court on defendants' motion to dismiss plaintiff's pendent state claims under Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction (doc. 19). Specifically, defendants move to dismiss Counts III, IV, V and VI of plaintiff's amended complaint (doc. 10) which are based on Ohio law, on the ground that this court lacks pendent jurisdiction over those claims and there is no independent basis for subject matter jurisdiction. In the alternative, defendants contend that even if the court has pendent jurisdiction over the state claims, exercise thereof would be inappropriate in this case. Defendants further alternatively seek summary judgment as to plaintiff's claims under Count VI of the amended complaint pursuant to Rule 56, Fed.R.Civ.P., on the ground that plaintiff's claim is barred by the Ohio Revised Code. Plaintiff has filed a memorandum in opposition to these motions (doc. 22), and defendants have filed a memorandum in reply (doc. 28).

Defendants' motion for summary judgment as to plaintiff's claims under Count VI is now moot as plaintiff voluntarily dismissed with prejudice Count VI of her amended complaint (*see* doc. 31). Finding defendants' motion for dismissal of Counts III, IV, and V well-taken, we decline to exercise pendent jurisdiction over these claims.

I.

Plaintiff, Mabel E. Smith, was terminated from her employment with defendant Meijer of Ohio, Inc. in February 1982. She subsequently filed an action alleging a violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (doc. 10, Amended Complaint, First and Second Claims for relief). Subject matter jurisdiction over plaintiff's ADEA claim is grounded on 29 U.S.C. § 626 and 28 U.S.C. § 1331 (doc. 10, Amended Complaint ¶ 7). Plaintiff's amended complaint also alleges three claims under Ohio common

law: breach of employment contract based on Ohio common law (doc. 10, Amended Complaint, Third Claim for relief); tortious interference by Meijer, Inc., (Meijer-Michigan), with the employment contract between Meijer of Ohio and plaintiff (*Id.,* Fourth Claim for relief), and a claim that plaintiff was a third-party beneficiary of a purchase agreement between defendants and Twin Fair, Inc., which is not a party to this action, and that defendants breached that purchase agreement by terminating plaintiff without just cause (*Id.,* Fifth Claim for relief).

Plaintiff asserts that this court has pendent jurisdiction over plaintiff's state claims against Meijer of Ohio (*Id.* ¶ 7) and pendent jurisdiction and/or ancillary jurisdiction over plaintiff's state claims against Meijer, Inc. (Meijer-Michigan) (*Id.* ¶ 8).

## II.

The Supreme Court in *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), held that pendent jurisdiction, in the sense of judicial power, exists where the relationship between the federal claim and the state claim "permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" In other words, "[t]he state and federal claims must derive from a common nucleus of operative fact." *Id.*

We conclude that plaintiff's federal and state claims derive from a common nucleus of operative fact based upon plaintiff's alleged wrongful discharge. She alleges four distinct bases for recovery from the same event, *i.e.,* her termination. Thus, the court has the constitutional *power* to hear plaintiff's state claim. This power notwithstanding, *Gibbs* counsels that "[t]hat power need not be exercised in every case, 383 U.S. at 726, 86 S.Ct. at 1139. The *Gibbs* court reasons:

It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to liti-

gants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them... [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Id.,* 383 U.S. at 726–727, 86 S.Ct. at 1139 (footnote and citations omitted).

Defendants point out a substantial number of factual issues which are relevant to plaintiff's state claims which are not relevant to plaintiff's federal claim under the ADEA. For example:

1. Did plaintiff and defendants enter into an express or implied contract of employment?

2. If a contract of employment existed, what were its terms?

3. Did the defendant(s) breach the alleged employment contract with plaintiff by terminating her?

4. If plaintiff had an employment contract with Meijer of Ohio, what action, if any of Meijer, Inc., affected that relationship and did those actions constitute tortious interference?

5. Did defendant(s) enter into a purchase agreement with Twin Fair, Inc.?

6. Was plaintiff a third-party beneficiary of that agreement?

7. What were the terms of the purchase agreement, if any, affecting plaintiff's employment?

8. Was plaintiff's employment terminable only for just cause?

9. If so, was plaintiff terminated for just cause?

(doc. 19 at 3–4).

The ultimate issue in an ADEA case, in contrast, is "whether age was a factor in a decision of an employer to terminate an ADEA claimant and whether the age of claimant made a difference in determining

whether he was to be retained or discharged." *Ackerman v. Diamond Shamrock Corporation,* 670 F.2d 66, 70 (6th Cir. 1982), *citing Laugesen v. Anaconda Co.,* 510 F.2d 307, 317 (6th Cir.1975). Thus, there are different elements of proof involved and different defenses available for the state and federal claims.

Plaintiff counters that her common law claims "help *prove* the federal claim and testimony of Meijer's contractual breaches will be proffered by the plaintiffs [1] *even if* the common law claims are dismissed" (doc. 22 at 7) (emphasis in original). Plaintiff contends that she entered into an express or implied contract with Meijer in which Meijer promised to apply its Positive Discipline System to its employees if their work performance was poor. Plaintiff further argues that Meijer claims that plaintiff was terminated for poor performance, yet Meijer did not utilize the Positive Discipline System. Plaintiff therefore maintains that Meijer's contention that plaintiff's termination was for "poor performance" is a pretext to disguise age discrimination, and therefore is probative of the pretext issue of the ADEA claim (doc. 22 at 7).

Defendants, in their reply memorandum, observe:

It is noteworthy that Plaintiff's entire discussion of 'overlapping facts' pertains *solely* to the alleged employment contract. No mention is made of the 'third-party beneficiary' claim based on the Meijer-Twin Fair purchase agreement. Nor does plaintiff offer any analysis of the 'tortious interference' claim.

(doc. 28 at 4–5) (emphasis in original).

After considering the positions of the parties, we conclude that the scope of the issues raised by plaintiff's state claims is broader than the scope of the issues raised by plaintiff's federal ADEA claim.

In her memorandum, plaintiff also asserts that "[t]he only two *Appeals Courts* to

decide the issue here in question have ruled that pendent jurisdiction over common law claims is appropriate in ADEA cases" (doc. 22 at 8) (emphasis in original). The two decisions cited by plaintiff are *Cemer v. Marathon Oil Company,* 583 F.2d 830 (6th Cir.1978) and *Cancellier v. Federated Department Stores,* 672 F.2d 1312 (9th Cir. 1982). Defendants maintain that both cases are distinguishable and do not support plaintiff's position.

*Cemer* involved a plaintiff who had previously filed an ADEA action in federal district court alleging that he was discharged by the defendant employer because of his age. The district court dismissed the action on the ground that it was barred by the applicable statute of limitations. 583 F.2d at 831. Plaintiff filed a second action in state court, claiming that his discharge constituted a breach of his employment contract. The defendant, invoking diversity jurisdiction, removed the case to federal district court and moved to dismiss the case on the ground that it was barred by *res judicata.* The district court granted the defendant's motion.

On appeal, the Sixth Circuit held, "[w]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." 583 F.2d at 832. In reaching this conclusion, the Sixth Circuit reasoned, "[i]n view of the *diversity* of the parties, both the contract claim and the ADEA claim were within the original jurisdiction of the district court in the first action and should have been brought together." *Id.* (emphasis added). The court specifically noted:

We need not reach the question whether a party must assert a separate claim arising from a single injury where the claim is merely within the court's pendent jurisdiction. We recognize that unlike a claim within the court's original jurisdiction, the adjudication of a pendent claim is

---

1. This case is virtually identical to the cases of *Etta Gilb v. Meijer of Ohio, Inc.,* No. C–1–82–641 (S.D.Ohio, filed June 25, 1982) and *Juanita Kennedy v. Meijer of Ohio, Inc.,* No. C–1–82–641 (S.D.Ohio, filed June 29, 1982), which are

also before this Court. Defendants filed a motion to dismiss the pendent claims in each of the three cases, and the three plaintiffs filed the same memorandum in opposition to defendants' motion in each of the three cases.

committed to the district court's discretion and is not mandatory. *United Mine Workers v. Gibbs,* 383 U.S. 715 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966). We do not resolve how the different policies thus implicated would bear on the scope of *res judicata.*

583 F.2d at 832 n. 2 (parallel citations omitted). We agree with defendants that the result in *Cemer* turned on the existence of diversity jurisdiction, and that neither the existence of pendent jurisdiction nor the appropriateness of its exercise were at issue (*see* doc. 28 at 6).

The Ninth Circuit's decision in *Cancellier* lends no more support to plaintiff's decision than does the Sixth Circuit's decision in *Cemer.* The *Cancellier* court held, *inter alia,* that the ADEA does not preempt the award of tort damages on pendent state claims. The court found that the award of tort damages on the state claims in that case did not duplicate the ADEA relief. There is no indication in the Court of Appeals' opinion that the district court's exercise of pendent jurisdiction was challenged. The only discussion of pendent jurisdiction in the *Cancellier* case is as follows:

> While the wisdom of allowing open-ended state claims for breach of the implied covenant to co-exist with ADEA claims whose financial redress Congress carefully limited to specific damage elements . . . is arguable, it is for Congress, not us, to decide whether state common law remedies trench too closely on the federal scheme. Pendent jurisdiction, of course, is a doctrine of discretion. We recognize that in appropriate circumstances dismissal of the state claims without prejudice is proper. . . . Such circumstances may exist, for example, where the trial judge finds that the state issues predominate in terms of the comprehensiveness of the remedy sought, or that there is a sufficient likelihood of jury confusion in treating divergent legal theories of relief to justify separating state and federal claims.

672 F.2d at 1318 (citations omitted).

In sum, we agree with the defendants that plaintiff's appellate authority is not on point.

### III.

In addition to their contention that the scope of the issues raised by plaintiff's pendent claims is broader than the scope of the issues raised by plaintiff's federal claim, defendants contend that the scope of remedies available under the state and federal claims is different. Defendants point out that under the ADEA, plaintiff is entitled to back pay and reinstatement. Plaintiff also seeks damages for emotional distress if a willful violation of the Act is established. *See* 29 U.S.C. § 626(b). As requested recovery on the common law claims, plaintiff seeks $250,000 for each of the alleged breach of contract claims, compensatory damages of $50,000 for emotional distress, and $250,000 in compensatory and $500,000 in punitive damages on the tortious interference claim (doc. 10, Amended Complaint). Such damages are not available under the ADEA. *E.g., Pfeiffer v. Essex Wire Corp.,* 682 F.2d 684, 686–87 (7th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982) (damages for pain and suffering and punitive damages not recoverable under ADEA); *Naton v. Bank of California,* 649 F.2d 691, 698–99 (9th Cir. 1981) (damages for pain and suffering not recoverable under ADEA); *Walker v. Pettit Construction Co.,* 605 F.2d 128, 131 (4th Cir.1979) (damages for pain and suffering and punitive damages not recoverable under ADEA). Plaintiff does not dispute defendants' position that damages for emotional distress are not available under the ADEA (*see* doc. 22).

In *Douglas v. American Cyanamid Company,* 472 F.Supp. 298 (D.Conn.1979), the district court held that it was not proper for a federal district court to exercise its judicial discretion to entertain a pendent state claim for defamation in conjunction with a suit brought pursuant to the ADEA. 472 F.Supp. at 306. The court articulated two reasons for its decision: 1) "[a]llowing the state defamation claim to proceed would avail the plaintiff of remedies to which he would not be entitled under ADEA"; and

2) "the defamation claims concern different factual bases, for the ADEA claim would concentrate upon activity prior to and during plaintiff's termination, whereas the state defamation claim would focus on post-termination events." *Id.*

The *Douglas* court's first rationale for declining pendent jurisdiction, *i.e.*, the difference in the scope of remedies available to the plaintiff under the federal and state claims, certainly operates in this case. The scope of remedies available to plaintiff under her state claims is broader than that available under the ADEA. With respect to the court's second rationale, *i.e.*, the different factual bases for the claims, although both sets of claims in this case focus on the same time period, they involve different elements of proof and are subject to different defenses.

### IV.

Finally, plaintiff maintains that there are equitable considerations which militate against splitting this cause (doc. 22 at 11). Plaintiff notes that if the court grants defendants' motion for dismissal, she can file a state action based upon the common law claims; however, the burden and expense of so doing will be oppressive (*Id.*). Plaintiff alleges that "Meijer could have made this Motion upon service of the Complaint. Instead, it waited until Misses Gilb, Kennedy and Smith had incurred considerable expense in preparing this case" (*Id.*). Defendants counter that there is no case authority for the proposition that concern for plaintiff's expenses should be considered in resolving a question of pendent jurisdiction, that every plaintiff asserting federal and state causes of action could economize by reducing all of his proof at one hearing, and that if plaintiff has incurred expense in preparing the state claim, such expense is not wasted simply because those claims are to be heard in state court (doc. 28 at 14–15). Defendants further note:

> Plaintiff chose the forum in which to file her Complaint, presumably with full knowledge that her state claims would have to pass federal jurisdictional muster.

If more was required, Plaintiff was put on explicit notice that pendent jurisdiction was an issue by the Sixth Defense set forth in Defendant's Answers and Affirmative Defenses, dated August 9, 1982. . . . The Court's Initial Pretrial Conference Order of October 15, 1982, reiterates Defendants' objection to jurisdiction of the state claims. In their Answers and Affirmative Defenses to the Amended Complaint, dated December 3, 1982, Defendants stated for a third time their objection to the presence of the state claims in these federal cases. Finally, Defendants filed the instant motion on February 18, 1983. . . . In the face of these facts, Plaintiff's assertion that she has been prejudiced by the timing of this Motion, . . . makes no sense.

(doc. 28 at 15–16 n. 7). We agree with defendants that dismissal of plaintiff's pendent claim without prejudice will not unduly prejudice plaintiff.

For the foregoing reasons, we find defendants' motion to dismiss Counts III, IV and V of plaintiff's amended complaint well-taken, and therefore they are dismissed without prejudice.

fits, claimant petitioned for award of attorney fees pursuant to the Equal Access to Justice Act. The District Court, Glasser, J., held that: (1) claimant was "prevailing party" under the Act, since remand clearly vindicated her contention on appeal from denial of benefits; (2) claimant "incurred" attorney fees, within meaning of the Act, notwithstanding that she was proceeding as indigent and was represented by legal services organization; (3) position of the government was not "substantially justified," given that denial of benefits was based on report of nonexamining nontreating physician which directly contradicted treating and examining physicians' reports; and (4) claimant would be awarded attorney fees, the reasonable amount of which, in light of work involved, was $1,500.