**Leo J. RENGERS, Plaintiff,**

v.

**WCLR RADIO STATION,
etc., Defendant.**

**No. 82 C 1925.**

United States District Court,
N.D. Illinois, E.D.

Jan. 2, 1986.

Irving Meyers, Peter R. Meyers, Meyers & Meyers, for plaintiff.

Gordon & Glickson, Stuart Smith, Robert B. McKenna, Chicago, Ill., Robert B. McKenna, Washington, D.C., Gordon C. Coffman, Patricia A. Gotschalk, Wilkinson, Barker Knauer & Quinn, for defendant.

MEMORANDUM OPINION
AND ORDER

DECKER, District Judge.

The plaintiff, Leo Rengers (Rengers), brought this age discrimination suit against his former employer, WCLR Radio Station (WCLR). Plaintiff alleged that his discharge from the defendant's employ in April of 1980 violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 623(a). On November 6, 1984, a jury returned a verdict in plaintiff's favor. The jury awarded plaintiff $97,433 in back pay and the court awarded plaintiff the same amount in liquidated damages based on the jury's finding that the defendant's actions were willful. In its Memorandum Opinion and Order of August 29, 1985 (Court's Memorandum Opinion), the court denied plaintiff's motion for reinstatement, but reserved judgment on plaintiff's motion for front pay in lieu thereof. The parties have now fully briefed this issue and it is therefore ripe for decision.

I. *Discussion*

■ Initially, the court must determine whether front pay is an appropriate remedy under Section 626(b) of the ADEA. The statute itself does not expressly require or prohibit a front pay award.[1] It does, however, grant the district court broad equitable authority to fashion a remedy in keeping with the ADEA's purpose of returning a prevailing plaintiff, as nearly as possible, to the economic circumstance he would have enjoyed, but for the defendant's unlawful discrimination. *Ventura v. Federal Life Insurance Co.*, 571 F.Supp. 48, 50 (N.D.Ill.1983). Where, as here, reinstatement is impractical, front pay may assist the court in fashioning such a remedy.

■ Further, while the Seventh Circuit has not spoken on this question, other circuits have uniformly held that front pay is within the broad remedial authority provid-

ed in Section 626(b). *See Wildman v. Lerner Stores Corp.*, 771 F.2d 605, 616 (1st Cir.1985); *Maxfield v. Sinclair International*, 766 F.2d 788, 796 (3d Cir.1985); *EEOC v. Prudential Federal Savings and Loan Association*, 763 F.2d 1166, 1173 (10th Cir.1985); *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1448–1449 (11th Cir.1985); *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 729 (2d Cir.1984); *Davis v. Combustion Engineering, Inc.*, 742 F.2d 916, 923 (6th Cir.1984); *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir.1982); *Cancellier v. Federated Department Stores*, 672 F.2d 1312, 1319 (9th Cir.), *cert. denied* 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982). Generally, these courts have reasoned that Section 626(b) authorizes the district court to fashion relief sufficient to make the plaintiff whole, and front pay may be necessary, in certain cases, to achieve that result. The court is convinced by the weight and the reasoning of this authority that front pay may be considered as an available remedy under Section 626(b).

While the weight of authority recognizes the availability of a front pay remedy, that same authority has been hesitant to award front pay, especially where, as here, the plaintiff has received a substantial liquidated damage award. For example, in *Wildman*, the most recent appellate case on this subject, the First Circuit, after surveying the authorities in other circuits, adopted the following rule:

[Front pay] should not be awarded unless reinstatement is impracticable or impossible; the district court, then, has discretion to award front pay. Because future damages are often speculative, the district court, in exercising its discretion, should consider the circumstances of the case, including the availability of liquidated damages.

*Wildman*, 771 F.2d at 616.

The Ninth Circuit, in *Cancellier*, adopted a similar rule:

1. Section 626(b) provides in relevant part:
   In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compel-

ling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

Damages in lieu of reinstatement may be awarded in addition to liquidated damages. However, the value of reinstatement is often speculative. Thus, availability of a substantial liquidated damages award may be a proper consideration in denying additional damages in lieu of reinstatement.

*Cancellier*, 672 F.2d at 1319 (footnote omitted) (citing *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1021–1023 (1st Cir.1979)).

■ The *Cancellier/Wildman* rule is phrased in somewhat awkward terms. The link between the speculative nature of a front pay award and the availability of liquidated damages may not be intuitively obvious. On closer inspection, however, this rule merely invites the court to compare the plaintiff's injury with his recovery to determine whether additional damages are necessary to make the plaintiff whole. Front pay is appropriate only when the other damages awarded will not fully compensate the plaintiff for his injury.

Whether the plaintiff will be made whole by those damages depends on the extent of his injury. The reference in *Wildman* and *Cancellier* to the speculative nature of future damages relates to the difficulty of measuring the plaintiff's injury. If the court awards front pay for the remainder of the plaintiff's working life, it must presume the plaintiff would have remained in the defendant's employ all during that time. The longer the front pay period, the more speculative the front pay award.

This case clearly illustrates the point. Plaintiff seeks front pay for approximately nine years, from the time of judgment until he reaches retirement age, on the assumption that he would have remained in defendant's employ all during that time. This presumption is speculative in the extreme. Plaintiff's employment agreement certainly did not assure him of such tenure. Further, testimony at trial and other record evidence introduced by both parties indi-

cate that radio is a fickle industry in which job security for disc jockeys is quite tenuous. To be sure, the jury's verdict necessarily indicates that age was a determining factor in plaintiff's discharge. Nevertheless, the record also indicates that animosity, distrust, disagreement and conflict developed between Rengers and the management of WCLR long before this litigation. *See* Court's Memorandum Opinion at 40. Under such circumstances, it would be pure speculation to presume that plaintiff would have remained in defendant's employ indefinitely.

While arithmetic certainty is unattainable in these matters, this discussion has helped bring the extent of plaintiff's injury into clearer focus. Next, the court must compare that injury with the damages already awarded. Plaintiff will receive $194,866. One-half of that amount represents back pay from the time of his discharge until the entry of judgment (approximately four years). The remaining $97,-433 in liquidated damages was awarded by the court based on the jury's finding of willfulness.[2] The plaintiff will also receive certain equitable benefits. *See* Court's Memorandum Opinion at 41–42.

■ Having fleshed out the relevant comparison, the question remains whether this damage award will fully compensate plaintiff for his injury. The court is convinced that it will. The back pay award is based on the presumption that the plaintiff would have remained in the defendant's employ for four years. Had plaintiff not received a liquidated damage award, the court would still be hesitant to award front pay because, under the circumstances of this case, it is highly unlikely that plaintiff would have remained employed by WCLR indefinitely. That plaintiff will receive a substantial liquidated damage award further strengthens the court's judgment that he has already been made whole. Any

---

**2.** The Seventh Circuit has recently suggested, in *dicta*, that a finding of willfulness does not automatically entitle the plaintiff to double damages. *Heiar v. Crawford County, Wisconsin*, 746 F.2d 1190, 1200–1201 (7th Cir.1984). In this light, the court's decision to double the back pay

award, while appropriate, is also generous under the circumstances of this case. This fact further supports the court's conclusion that plaintiff will be fully compensated by this damage award.

further award is inappropriate because the court cannot, without embarking on a flight of fancy, find that plaintiff's injury extends beyond the period for which he has already been awarded compensation.

In sum, the court finds that the relief already granted is substantial under the circumstances of this case and constitutes a fair resolution of this dispute. Equity requires no more.

## II. *Conclusion*

For the foregoing reasons, the court denies plaintiff's motion for front pay.