Kathryn M. MADDEN, an individual; Agnes Shoolbraid, an individual; Patsy Huggard, an individual; Carol M. DeSmet, an individual; Robert I. Clarke, an individual; Fern M. Gynac, an individual, Plaintiffs,

v.

INDEPENDENCE BANK, a California corporation; Fulvio Dobrich, an individual, Defendants.

Patricia WYSKOCIL, an individual, Plaintiff,

v.

INDEPENDENCE BANK, a California corporation; Fulvio Dobrich, an individual, Defendants.

Michael J. LANDOLFI, an individual, Plaintiff,

v.

INDEPENDENCE BANK, a California corporation; Fulvio Dobrich, an individual, Defendants.

Nos. CV–90–1089–LEW, CV–90–2437–LEW and CV–90–4160–LEW.

United States District Court, C.D. California.

March 29, 1991.

Howard P. Brody, Grossman Graven Petry & Block, Los Angeles, Cal., for Carol M. DeSmet.

Shirley D. Deutsch, Littler, Mandelson, Fastiff & Tichy, Los Angeles, Cal., for defendants.

LAUGHLIN E. WATERS, Senior District Judge.

Defendants' motion for summary judgment came on for hearing before the Honorable Laughlin E. Waters, Senior United States District Judge, on February 19, 1991. Based on the documents filed for this motion, the oral arguments and the case file, the Court finds as follows:

## FACTS

The plaintiffs in these consolidated actions are former employees of Independence Bank. In late May 1989, Fulvio Dobrich became Chairman of the Board of Directors and Chief Executive Officer of Independence Bank. According to Dobrich, the bank was under tremendous financial and regulatory pressure at that time, and he felt it necessary to reduce staff in order to promote a more efficient and profitable operation of the bank. Stated simply, the plaintiffs allege that Dobrich did not necessarily want to eliminate jobs as much as he wanted to eliminate certain workers over forty years of age who did not fit his idea of the bank's corporate image.

The plaintiff's first amended complaint alleges causes of action for age discrimination, breach of contract and negligent misrepresentation. The defendants move for summary judgment as to plaintiff DeSmet, and plaintiff opposes and files a request for *sua sponte* summary judgment in her favor.

The facts unique to plaintiff DeSmet are that she was employed by the Encino branch of the bank beginning in May, 1979. From May 1979 to October 1982, she was a part-time employee who held several different positions. In October 1982 she became a full-time Assistant Operations Officer. In August, 1989, DeSmet requested a change to a part-time position. She alleges that she requested merely a temporary change to part-time employment, a fact which the defendants do not address. She became a part-time (eighty percent of full time hours) "Utility" person in September, 1989. In October, 1989 she was terminated.

## DISCUSSION

### A. Age Discrimination Claims.

■ There is some confusion among the parties as to the applicable standards and burden of proof on summary judgment in the context of a claim for age discrimination. On a motion for summary judgment the opposing party must set forth facts showing a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This means that the opposing party must produce "sufficient" evidence such that a reasonable jury could rule in its favor. *Id.*

In a case for age discrimination, it is the initial burden of the plaintiff to make a *prima facie* case of purposeful or intentional age discrimination. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). This means that age must have been a "determining factor" in the decision to fire the plaintiff, although it need not be the only reason. *Cancellier v. Federated Department Stores*, 672 F.2d 1312 (9th Cir. 1982). The elements of a *prima facie* case of age discrimination are: 1) the plaintiff was between 40 and 70 years old; 2) plaintiff was fired; 3) plaintiff was performing her job satisfactorily; 4) plaintiff was discharged under circumstances which give rise to an inference of unlawful discrimination. *Douglas v. Anderson*, 656 F.2d 528, 531 (9th Cir.1981). Defendants concede plaintiff's ability to make a *prima facie* case for purposes of this motion only.

Once a *prima facie* case has been made, the burden shifts to the defendant to produce evidence of a valid, non-discriminatory motive for firing the plaintiff. In this case, defendants meet their burden. They allege that Independence Bank was experiencing an unusually high cost of doing business during the period in which the plaintiff was fired, which was making it extremely unprofitable, especially in comparison to similar banks. They argue that the FDIC was threatening to take the bank over if it did not increase its profits. They blame the bank's financial problems on excessive payroll costs and determined that it was over-

staffed on all levels. So, they allege, they decided to eliminate a number of positions. Furthermore, Dobrich announced that all management personnel would have to review their departments and determine which positions could reasonably be cut.

Dobrich alleges that age was not a factor in the decision of who to fire as a result of the job elimination strategy. He asserts that he did not instruct any of the managers who they should fire. Wil Jones, Carol DeSmet's manager, alleges that no one directed him to eliminate the particular positions he chose to eliminate, nor did anyone direct him to fire Carol DeSmet in particular. He alleges that he did not take age into account in making the decision. These allegations are sufficient to meet the defendants' burden of production.

Once the defendant meets its burden, the burden again shifts to the plaintiff to prove by the preponderance of the evidence that the defendant's reasons are simply a pretext, and that age was actually the motivating force behind the firing. *Watson v. Fort Worth Bank & Trust,* 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988) (developing this standard in the context of a Title VII discrimination case arguing disparate treatment theory). However, it should be noted that *Watson* dealt with the plaintiff's ultimate burden of proof, while this is a motion for summary judgment. In the summary judgment context, the opposing party need not produce enough evidence to actually win its case at this stage, rather evidence sufficient that a reasonable jury might find in its favor is all that is required. Moreover, the plaintiff may overcome the defendant's defense with either *direct* or *indirect* evidence of discriminatory intent. To rebut the defendant's case and establish that the supposedly legitimate reason is merely a pretext, the plaintiff must produce credible evidence that age discrimination more likely than not motivated the defendant's actions, or that the reason offered by the defendant is

not credible. *Real v. Continental Group, Inc.,* 627 F.Supp. 434 (N.D.Cal.1986). As summarized by the Ninth Circuit, the plaintiff must produce specific, "substantial" evidence to refute the reasons supplied by the defendant, as well as evidence which creates a reasonable inference of discrimination. *Steckl v. Motorola, Inc.,* 703 F.2d 392, 393 (9th Cir.1983).

The plaintiff has produced enough substantial evidence that a reasonable jury could find discriminatory intent. The plaintiff produced indirect evidence of discriminatory intent. First, that the bank placed an advertisement in a local newspaper seeking a "Utility Person" which had been plaintiff DeSmet's last position with the bank. The person hired to fill that Utility position was 21 years old. While this fact alone does not create an inference of discriminatory intent, because the position filled was a full-time position, it adds to the inference of discrimination in combination with the other indirect evidence. Second, the plaintiff produced many statements made by Dobrich which create an inference of discriminatory intent against older workers in general. For example, Dobrich referred to an over-forty employee as too old, and not fitting the image of the bank; he called a sixty-year old female employee an "old f—king bitch": he made references to the bank as being "full of old people"; and he once taunted an over-forty year-old employee stating that there was a young lady in the bank who was dying to have her job.[1] In addition, the termination agreement itself, which sought a release by DeSmet of the company, is admissible on the discriminatory intent issue. *Cassino v. Reichhold Chemicals, Inc.,* 817 F.2d 1338, 1342 (9th Cir.1987) (holding that in ADEA cases, where a termination agreement is given to the employee coterminous with her discharge, it is considered relevant to the circumstances surrounding the alleged discriminatory discharge and is probative on that issue).

---

**1.** Defendants object to much of the evidence of Dobrich's statements as hearsay. However, they go to his state of mind, and are the only kind of evidence, short of Dobrich's own unlikely admission, that could possibly prove a preju-

dice against older employees. Moreover, other courts operating in this area have admitted such evidence to prove discriminatory intent. *See, e.g., Meschino v. International Telephone & Telegraph Co.,* 563 F.Supp. 1066 (S.D.N.Y.1983).

Much of the other indirect evidence provided by the plaintiff is not properly considered by the Court. The reasons for termination are not to be second-guessed by the judge as long as they are not based on age. *Douglas, supra.* Therefore, the plaintiff's arguments that she should have been offered alternative employment by the bank, or that her manager did not actually draft the termination letter were not considered by the Court on this issue.

Plaintiff DeSmet also produced some direct evidence of discriminatory intent to meet her burden of proof. Michael English, a bank department manager, stated in his deposition that he understood the job elimination scheme to be a ruse, and that the real purpose was to get rid of older employees. There is also evidence that between December 31, 1988 and August 14, 1990, which includes the period in which these plaintiffs were fired, the bank actually experienced a growth in staff and decreased in the proportion of employees forty years old and over. The defendants dispute this evidence, creating a genuine issue of triable fact which makes summary judgment inappropriate. There is evidence that recruiting efforts were increased, despite Dobrich's claim that the bank planned to decrease its work force through attrition. Finally, there is Dobrich's statement to Michael English that one older employee did not fit the image of the bank. In sum, plaintiff has met her burden of producing substantial evidence creating a genuine issue of material fact such that a reasonable jury could find in her favor.

### B. Breach of Implied Employment Contract.

■ Defendants also move for summary judgment of plaintiff's claim that her termination violated the terms of an implied employment contract she had with the bank. The defendants argue that reduction of staff constitutes good cause for termination of an implied employment contract. *Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391, 1395 (9th Cir. 1985). As a proposition of law this is correct, however, the plaintiff has produced evidence creating a genuine issue of material fact as to whether her termination was a good faith reduction of staff or whether it was a ruse to eliminate older employees.

Implied employment contracts can be based on personnel practices, longevity of the employee's employment with the company, or actions or communications reflecting assurances of continued employment. Plaintiff has produced evidence in the form of deposition testimony that the company had a policy by which, if they followed procedure and did not do anything wrong, they would not be terminated. They regularly transferred employees within the company whether for the convenience of the employee or the bank, and they rewarded employee longevity, both monetarily and by special recognition. These factors constitute evidence creating a genuine issue of material fact as to whether the bank terminated DeSmet in violation of the implied contract between them.

■ Dobrich argues that he is entitled to summary judgment on this issue because he was not a party to the contract between the bank and DeSmet. The plaintiff does not address that argument. The case cited by Dobrich in support of this argument dealt with an insurance agent's liability for breach of a contract between an insured and the insurer. Based on agency principles, the agent was not held liable. Here, Dobrich was an employee of the bank, so the case is inapplicable. It may be that he should not be held liable because it was not his action that lead to DeSmet's termination; however, because he has not met his burden of proof he is not entitled to judgment on the issue at this time.

### C. Fraud and Negligent Misrepresentation.

■ A cause of action for fraud in California requires a showing of the following elements: 1) representation; 2) falsity; 3) knowledge of falsity; 4) intent to deceive; 5) justifiable reliance; 6) resulting damage. *Crocker–Citizens Nat. Bank v. Control Metals Corp.*, 566 F.2d 631, 636 (9th Cir.1977). The difference between intentional misrepresentation and negligent

representation is that the latter only requires that the statement or omission was made without a reasonable basis for believing its truthfulness, rather than actual knowledge of its falsity. *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal.App.3d 388, 402, 264 Cal.Rptr. 779 (1989).

■ In this case, plaintiff's claim for fraud or negligent misrepresentation is based on her supervisor's statement to her at her termination meeting that her position was being eliminated, when in fact, she asserts, she was fired because of her age. Defendants argue that the supervisors statement was true, therefore they are entitled to summary judgment. This, of course, is disputed by ample evidence discussed above. Defendants next argue that they are entitled to summary judgment because, even if the statement was false, she did not detrimentally rely on it. This argument has merit. Even if, as she alleges, her supervisor did not inform her of other openings within the bank,[2] the bank did nothing to prevent her from seeking other positions within the bank, as she knew was typical bank policy. She argues that she detrimentally relied on her supervisor's statement that her position was eliminated and so did not pursue channels within the bank for procuring another position. The defendants persuasively argue that, absent an affirmative statement by the bank informing her that she was not allowed to use those options, there was no detrimental reliance on anything the bank told her. Summary adjudication of this issue should be granted.

IT IS ORDERED,

Defendants' motion for summary judgment on plaintiff's age discrimination claims is denied because plaintiff has met her burden of proof creating an inference of discriminatory intent based on substantial evidence. Because there are genuine issues of fact, plaintiff's *sua sponte* motion for summary judgment is also denied.

Defendants' motion for summary judgment on the breach of implied contract claim is denied because there is a genuine

issue of material fact as to whether the bank terminated DeSmet for good cause.

Defendants' motion for summary judgment on the fraud and negligent misrepresentation claims is granted because plaintiff has failed to produce any evidence that she detrimentally relied on a statement or omission made by the bank.

IT IS SO ORDERED.

---

2. Defendants have produced evidence that Jones did tell her about the opening at the Northridge branch, and that she left the office that day with a flier that listed available jobs within the bank.