James J. **MAZZARE**

v.

**BURROUGHS CORPORATION.**

Civ. A. No. 76–2838.

United States District Court,
E. D. Pennsylvania.

July 5, 1979.

236

Alan M. Lerner, Philadelphia, Pa., Faye R. Cohen, Broomall, Pa., Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff.

Carter R. Buller, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action plaintiff alleges that defendant, which formerly employed him, unlawfully discriminated against him on the basis of his age by willfully discharging him and failing to recall him. Count I alleges violations of the Age Discrimination in Employment Act, as amended (ADEA), 29 U.S.C. §§ 621–634 (1976 & Supp. I 1978). Count II alleges that defendant breached its employment contract with plaintiff.

Presently before the Court are defendant's motion to dismiss the complaint, defendant's motion in the alternative for summary judgment as to Count I of the complaint, and plaintiff's motion for leave to amend the complaint. Oral argument was had on these motions.

Plaintiff having advised the Court that, in light of *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), he does not oppose the dismissal of the state law breach of contract claim set forth in Count II of his complaint, the Court will grant defendant's motion to dismiss Count II.

Because both parties have presented to the Court matters outside the pleadings, which we have not excluded from consideration, we shall, in accordance with Fed.R. Civ.P. 12(b), treat the defendant's motion to dismiss Count I as a motion for summary judgment. Thus, the motions which we consider in this memorandum are defendant's motion for summary judgment and plaintiff's motion for leave to amend the complaint.[1] For the reasons hereinafter set forth, we will deny both of these motions.

## MOTION FOR SUMMARY JUDGMENT

Fed.R.Civ.P. 56(c) provides in pertinent part:

[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Thus, in examining the propriety of a motion for summary judgment, the court must first determine whether there is a genuine issue as to any material fact.[2] If there is a genuine issue as to any material fact, the motion for summary judgment will not be granted. *Ettinger v. Johnson*, 556 F.2d 692, 696 (3d Cir. 1977); *Fairbanks, Morse & Co. v. Consolidated Fisheries Co.*, 190 F.2d 817, 824 (3d Cir. 1951); *Toebelman v. Missouri-Kansas Pipe Line Co.*, 130 F.2d 1016, 1018 (3d Cir. 1942). On a motion for summary judgment, of course, the court must view the evidence in the lights most favorable to the party opposing the motion, and all doubts as to the existence of material facts should be resolved against the movant. *Bishop v. Wood*, 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1975); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam); *Hicks v. ABT Associates, Inc.*, 572 F.2d 960, 967 (3d Cir. 1978); *Abdallah v. Caribbean Security Agency*, 557 F.2d 61, 63 (3d Cir. 1977). With this admonition in mind, the essential facts in this case may be summarized as follows.

Plaintiff was employed by defendant from August 1956 until August 24, 1973, at which time he was 58 years old. On August 24, 1973, defendant discharged plaintiff, informing him that he was eligible for recall for a period of two years. On March 1, 1974, plaintiff accepted early retirement; on June 17, 1975, he commenced an age discrimination proceeding before the Pennsylvania Human Relations Commission, and on June 26, 1975 he gave notice of his intention to sue to the Secretary of Labor. The present action was filed on September 9, 1976.

---

1. Although the defendant initially filed a motion to dismiss the complaint on the basis of the statute of limitations for the ADEA, as set forth in 29 U.S.C. § 626(e), it appears from the defendant's most recent memorandum in support of its motions and from defendant's failure to mention the issue at oral argument, that defendant has abandoned its contention that the 2- or 3-year statute of limitations requires dismissal of the plaintiff's complaint. It is for this reason that the Court has not discussed the applicability of 29 U.S.C. § 626(e) in this memorandum.

2. The concern of Rule 56 is whether issues of material fact, as distinguished from issues of fact, are in dispute, *Tarasi v. Pittsburgh National Bank*, 555 F.2d 1152, 1156 (3d Cir.), *cert. denied*, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 451 (1977); *Sound Ship Building Corp. v. Bethlehem Steel Co.*, 533 F.2d 96, 100 (3d Cir.), *cert. denied*, 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d 137 (1976).

■ The defendant contends that its motion for summary judgment should be granted for any of several reasons. It claims first that failure to file timely age discrimination charges with the Pennsylvania Human Relations Commission requires dismissal of a similar action brought in federal district court. The Third Circuit, however, in *Holliday v. Ketchum, MacLeod & Grove, Inc.*, 584 F.2d 1221 (3d Cir. 1978) (*in banc*), has recently held that "resort to state age discrimination remedies is not a precondition to maintaining a federal suit for age discrimination." *Id.* at 1222. We thus reject defendant's first contention.

Defendant next contends that summary judgment should be granted because plaintiff's notice of intent to sue filed with the Secretary of Labor on June 26, 1975 was not timely. Section 7(d) of the ADEA, 29 U.S.C. § 626(d) provides:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case in which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.[3]

The parties agree that the 180-day requirement of Section 7(d)(1) applies rather than the 300-day requirement of Section 7(d)(2).

■ The defendant claims that the 180-day period began to run on August 24, 1973, the date of the plaintiff's discharge or, at the very latest, on March 1, 1974, the date of the plaintiff's alleged forced retirement, while the plaintiff contends that the 180-day period did not begin to run until August 24, 1975, the end of the two-year period during which plaintiff claims he was eligible for recall following his discharge. Plaintiff argues that, in failing to reinstate him through August 24, 1975, the defendant committed a continuing violation which began with the discharge on August 24, 1973, and ended on August 24, 1975. We find the plaintiff's "continuing violation" argument to be without merit. We agree with the reasoning of Judge Luongo, who, in granting partial summary judgment for the defendant in *Wagner v. Sperry Univac, Division of Sperry Rand Corp.*, 458 F.Supp. 505 (E.D.Pa.1978), stated:

Where an employee . . . whose employment is not governed by the terms of a collective-bargaining agreement, receives notice that he is being laid off but that he remains eligible for rehire, he has received "unequivocal notice of termination" notwithstanding the possibility that he will be rehired in the future. Therefore, under *Bonham* [*v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978)], where the date of such notice coincides with the last day of work, that date will be considered the date of the alleged unlawful practice, and the employee will be required to file a notice of intent to sue within 180 days of that date.

*Id.* at 512. In the present action, the notice of termination of plaintiff's employment coincided with plaintiff's last day of work—August 24, 1973. Thus, the plaintiff was required to file a notice of intent to sue with the Secretary within 180 days of August 24, 1973, even though he was told that he was eligible for recall for a two-year

---

**3.** Section 7(d) has been amended to substitute references to the filing of a charge with the Secretary alleging unlawful discrimination for references to the filing with the Secretary of notice of intent to sue. This amendment applies only to civil actions brought after April 6, 1978, and therefore does not apply to the present action.

period. In any case, there can be no question that the plaintiff had "unequivocal notice of termination" by March 1, 1974, the date on which he retired. We reject the plaintiff's contention that as a retired employee he had recall rights. Thus, plaintiff states no claim for failure to recall or hire after August 24, 1973, or at the very latest, March 1, 1974. Whether August 24, 1973, or March 1, 1974, or any date in between, is used as the date on which the alleged unlawful practice occurred, the alleged unlawful practice occurred well before 180 days prior to the plaintiff's filing of his notice of intent to sue with the Secretary on June 26, 1975.[4] Therefore, on the face of the complaint, and from the record before this Court, it is clear that plaintiff did not comply with the 180-day filing requirement in a timely fashion.

▆ The requirement that a plaintiff file a notice of intent to sue with the Secretary within 180 days of the alleged unlawful practice is not jurisdictional, however. Our Third Circuit in the recent case of *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), specifically construed the 180-day requirement "to be in the nature of a statute of limitations," subject to equitable doctrines such as tolling. *See Wagner v. Sperry Univac, supra,* 458 F.Supp. at 513. Plaintiff contends that the 180-day period in this case was tolled (a) because fraud or concealment on the part of defendant prevented plaintiff from discovering that the reason for his discharge was age discrimination, (b) because of the filing of the class action complaint in *McGinley v. Burroughs Corp.*, C.A. 74–108 (E.D.Pa. Aug. 4, 1976); and (c) because defendant did not post in conspicuous places notices prepared or approved by the Secretary setting forth the rights of employees under the ADEA.

▆ Plaintiff's first contention—that the 180-day period should be tolled because of

fraud or concealment by the defendant—is without merit. Although plaintiff alleges that he was told by defendant that he was being discharged due to a "reduction of force" and that in fact plaintiff's duties were never eliminated by defendant, it is uncontroverted by the plaintiff that he believed, from the date of his discharge, August 24, 1973, that age discrimination was a reason for his discharge. The personnel file of the plaintiff reveals that at the time of his termination, August 24, 1973, the plaintiff stated that "I have been personnaly [sic] discriminated against, either because of age or personal reasons unexplained." Furthermore, in a letter dated February 20, 1974 from plaintiff to the Pension Retirement Division, plaintiff stated as follows in connection with his discharge:

> I felt I was being discriminated against because of my age (59 years old) and/or personal reasons that were unexplained. I am even more convinced now since it appears as though my position was the only one eliminated.

Thus it is clear that the plaintiff, from the date of his discharge on August 24, 1973, was aware that age discrimination may have been a reason for his discharge and that the 180-day period should not be tolled because of defendant's alleged fraud and concealment of the fact.

*▆ Plaintiff next contends that the 180-day period should be tolled by the filing of the class action complaint in *McGinley v. Burroughs Corp.*, C.A. 74–108 (E.D.Pa. Aug. 4, 1976). In January of 1974, McGinley filed an action against Burroughs raising claims similar to those raised by plaintiff. After Burroughs filed a motion to dismiss that action, McGinley, on September 12, 1974, filed a motion for leave to file an amended class action complaint, which motion was granted on November 4, 1974. On August 25, 1975, plaintiff Mazzare filed a consent to become a party plaintiff to the McGinley action pursuant to 29 U.S.C. § 216(b). On August 4, 1976, the *McGinley*

---

4. The alleged unlawful practice must have occurred on or after December 28, 1974, *i. e.*, within 180 days of June 26, 1975, for the filing to have been timely, unless the 180-day period

was tolled, *see infra.* If March 1 was the last possible date on which the alleged unlawful practice occurred, then plaintiff had to file his notice of intent to sue by August 28, 1974.

Court held that Mazzare had been a plaintiff in that action as of August 25, 1975, the date of filing the consent, but dismissed the claim of Mazzare in that action, finding that McGinley's notice of intent to file suit had given no notice to the Secretary that McGinley represented any other person. Thus, the *McGinley* court reasoned that Mazzare had not met the notice provisions of 29 U.S.C. § 626(d), and his claim was dismissed for lack of subject matter jurisdiction.[5] *McGinley v. Burroughs Corp., supra.* We note that even if the date on which McGinley filed his motion for leave to file an amended complaint, September 12, 1974, is used as the date on which the tolling of the 180-day period as to plaintiff Mazzare should commence, on the ground that defendant was put on notice as of that date of Mazzare's claim, this would not save Mazzare's action in the case presently before this Court, for September 12, 1974 was more than 180 days after March 1, 1974, the last possible date on which the alleged discriminatory act against Mazzare could have occurred. *See* note 3, *supra.* Thus, the 180-day period had expired prior to September 12, 1974. Furthermore, we note that Mazzare did not become a plaintiff in the *McGinley* action until August 25, 1975 and that his claim in that action was dismissed for failure to comply with the notice provisions of 29 U.S.C. § 626(d). It is clear that the 180-day period is not tolled by the filing of the *McGinley* complaint.

▆▆▆▆ Plaintiff's final contention in connection with the tolling of the 180-day period is that defendant failed to post in conspicuous places upon its premises a notice prepared or approved by the Secretary setting forth information as deemed appropriate by the Secretary to effectuate the purposes of the ADEA. Plaintiff claims that because such notice was not posted, he had no knowledge of his legal rights under the ADEA and therefore the 180-day period should be tolled. Title 29 U.S.C. § 627 provides:

> Every employer . . . shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

Such notice is to be posted in prominent and accessible places where it can readily be observed by employees. 29 C.F.R. § 850.10 (1976). Our Third Circuit has held that "[f]ailure to post the required notice will toll the running of the 180-day period, at least until such time as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights under the Age Discrimination in Employment Act." *Bonham v. Dresser Industries, Inc.,* 569 F.2d at 193. If the employer complied with the relevant posting regulations, however, an employee's assertion that he never saw any notices should not of itself require tolling of the 180-day period in which to file a notice of intent to sue. *Id.* at 193 n. 7; *Quina v. Owens-Corning Fiberglas Corp.,* 575 F.2d 1115, 1118 (5th Cir. 1978). Thus, if the defendant failed to post such notices, the 180-day period should be tolled until the time that plaintiff sought out an attorney or acquired actual knowledge of his rights under the ADEA. Since plaintiff states in his affidavit, uncontroverted by defendant, that he did not consult an attorney or become aware of his rights under the ADEA until June 1975, the month in which he filed his notice of intent to sue with the Secretary, the 180-day period would be tolled until that time if defendant did not post the notices required by 29 U.S.C. § 627 and 29 C.F.R. § 850.10. If, however, defendant did post such notices, then plaintiff's final ground for tolling the 180-day period is without merit, and defendant's motion for summary judgment should be granted. Whether or not such notice was posted, therefore, is a material fact. The affidavits submitted to this Court demonstrate that there is a genuine issue as to this material fact. *Compare* Platt Affidavit *with* Bellace Affidavit *and* Dick Affidavit. Thus, the

---

**5.** At that time, which was prior to the Third Circuit's decision in *Bonham v. Dresser, supra,* it was not clear that the 180-day requirement was *not* jurisdictional.

defendant's motion for summary judgment will be denied.

## MOTION FOR LEAVE TO AMEND

 Plaintiff seeks to amend his complaint to include a pendent state law claim for intentional infliction of mental distress. Even if plaintiff were granted leave to amend his complaint, this Court would decline to exercise its discretion to hear the pendent state law claim. Plaintiff's motion for leave to amend his complaint will therefore be denied.

 In determining whether to exercise its discretion and hear a pendent state law claim, a court must consider (a) whether judicial economy, convenience and fairness to the litigants would be served by having the pendent state law claim determined in a single proceeding, (b) whether trying the pendent state law claim will cause jury confusion, and (c) whether the pendent state law claim presents an unsettled question of state law. *Moore v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Marvasi v. Shorty*, 70 F.R.D. 14, 19 (E.D.Pa.1976). All three of these factors dictate against the exercise of pendent jurisdiction in this case.

 To make out a claim for intentional infliction of mental distress under Pennsylvania law,[6] it appears that a plaintiff has the burden of proving that the conduct complained of must be of an extreme or outrageous type and that he suffered physical harm. *Jones v. Nissenbaum*, 244 Pa.Super. 377, 368 A.2d 770, 772–73 (1976). Proof of plaintiff's claim, therefore, would necessarily involve legal and factual issues different from those in connection with his claim under the ADEA. Additional medical testimony and reports would be required, and the entire scope of the trial would be enlarged. Thus, judicial economy, convenience and fairness to the litigants would not be served by permitting the pendent claim to be tried. In addition, the additional factual and legal issues would tend to cause jury confusion. The court in *Jones, supra,* in discussing a claim for intentional infliction of mental distress, stated that "[t]he paucity of Pennsylvania cases in this area reveals that the scope of this tort has yet to be defined in the case law of our state." *Id.* 368 A.2d at 773. Additionally, since the pendent state law claim presents an unsettled question of state law, this Court declines to exercise pendent jurisdiction over the state law claim set forth in plaintiff's proposed amended complaint.

 It is clear that a court may deny a motion for leave to amend a complaint where, as here, the amendment would be a useless act. *See, e. g., Taliferro v. Costello,* 467 F.Supp. 33 (E.D.Pa.1979); *Milburn v. Girard,* 441 F.Supp. 184 (E.D.Pa.1977); *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 309 F.Supp. 1057 (E.D.Pa.1969). Furthermore, other cases in this district have likewise denied motions for leave to amend to include a state claim for intentional infliction of mental distress. *See Wehr v. Burroughs Corp.,* 438 F.Supp. 1052 (E.D.Pa. 1978) (Order of Huyett, J.); *Palaia v. Burroughs Corp.,* C.A. 76–350 (E.D.Pa. March 30, 1978) (Order of Ditter, J.); *Lancaster v. Burroughs Corp.,* C.A. 76–459 (E.D.Pa. June 24, 1977) (Order of McGlynn, J.) *See also Hodkinson v. Nice Ball Bearing Co.,* C.A. 76–319 (E.D.Pa. June 10, 1976) (Newcomer, J.) (Title VII action). We shall, therefore, deny plaintiff's motion for leave to amend the complaint.

Accordingly, an order will be entered granting the defendant's motion to dismiss Count II of the complaint, denying defendant's motion for summary judgment as to Count I of the complaint, and denying plaintiff's motion for leave to amend the complaint.

---

**6.** There is no dispute that Pennsylvania law would apply to the pendent claim.