Alfred J. **MARCHETTI** and Joan Marie **Marchetti**

v.

**ATLAS POWDER CO.**

Civ. A. No. 80–0449.

United States District Court, E. D. Pennsylvania.

Aug. 26, 1981.

Arthur W. Lefco, Philadelphia, Pa., for plaintiffs.

Bruce A. Cohen, Philadelphia, Pa., Ronald M. Gaswirth, Dallas, Tex., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Whether plaintiff, seeking redress under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, (ADEA), for an allegedly illegal firing, may also demand damages for severe emotional distress is the subject of the Court's inquiry. Defendant, arguing that such traditional tort claims may not be adjudicated in the same proceeding as the ADEA claim, moves to dismiss Counts III and IV of the complaint which allege emotional suffering by the Marchettis. Because we agree, we shall grant defendant's motion.

The "thrust" of the ADEA's enforcement provisions is to promote administrative remedies and suits brought by the Secretary of Labor, *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 841 (3d Cir. 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978), who, in appropriate cases, may seek penalties for "willful" violations. *See* 29 U.S.C. § 626(b). These penalties are "akin" to those historically available in tort for emotional distress; to allow psychic distress awards in addition to the statutorily authorized recovery would "thwart" Congress' limitation and impair the statute's "conciliation process." *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d at 840–41. *See also Rodriguez v. Taylor*, 569 F.2d 1231, 1241 (3d Cir. 1977), *cert. denied*, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978).

Plaintiffs, seeking to distinguish *Rogers*, rely on *Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir. 1978). That case held that a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of plaintiff's ADEA claim established a *res judicata* bar to plaintiff's subsequent breach of contract suit where the second suit merely employed a different legal theory to remedy the same allegedly wrongful discharge. In affirming the District Court's entry of judgment on behalf of defendant, the Sixth Circuit stated that the contract claim, predicated on diversity jurisdiction, 28 U.S.C. § 1332, could have been brought in the first action; counsel's failure to do so barred the claim in the second suit. Here, plaintiff asseverates that since Counts III and IV are based on diversity, *Cemer* "obligat[es]" us to adjudicate these tort claims. However, the *Cemer* court merely held that a *contract* claim, grounded in diversity and arising out of the same nucleus of common operative facts, is properly tried with an ADEA claim. It did not hold that all claims arguably related to the same factual occurrence may be tried in an ADEA case. *Cf. Purtill v. Harris*, No. 81–1187 (3d Cir., August 24, 1981) (*Bivens* cause of action may not be joined in an ADEA suit where plaintiff seeks redress from his employer, the government). *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499 (D.Del.1977), held that contract claims are properly pursued in an ADEA case although damages for emotional distress are not. Proof of intentional infliction of emotional distress involves different legal and factual issues than those presented in an ADEA claim. *Mazzare v. Burroughs Corp.*, 473 F.Supp. 234, 241 (E.D.Pa.1979). Notions of judicial economy, the desire to avoid confusion at trial and the requirement that we do not upset Congress' preferred method of resolving ADEA claims, therefore, compels the conclusion that Counts III and IV be dismissed. *Wagner v. Sperry Univac, Division of Sperry Rand Corp.*, 458 F.Supp. 505, 517 (E.D.Pa.1978). An appropriate order will be entered.