**Janet S. POLAY**

v.

**The WEST COMPANY.**

**Civ. A. No. 85–3127.**

United States District Court,
E.D. Pennsylvania.

Jan. 27, 1986.

---

Andrea B. Wapner, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for plaintiff.

Aaron C.F. Finkbiner, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Plaintiff Janet S. Polay (Polay) brought suit against her former employer, The West Company (West), on June 3, 1985, under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, for alleged violations of the Equal Pay Act, 29 U.S.C. § 206(d). Plaintiff now seeks to amend her complaint to elaborate on her Equal Pay Act claims and to add claims under Title VII and under state law. For the reasons set forth below, plaintiff's motion for leave to amend will be granted in part and denied in part.

On October 17, 1984, plaintiff filed a charge of sexual discrimination, No. 031850120, with the Equal Employment Opportunity Commission (EEOC), apparently alleging that West had paid her a salary less than that paid to similarly situated male employees. Two days later, on October 19, 1984, West placed plaintiff on administrative leave. On October 22, 1984, plaintiff filed a second charge, No. 031850152, with the EEOC alleging that West had placed her on administrative leave in retaliation for her having filed her original charge. West terminated plaintiff on November 2, 1984 and plaintiff amended her second EEOC charge to include the discharge.

Plaintiff brought the present action in federal court on June 3, 1985, seeking redress under the FLSA for West's alleged discriminatory pay practices in violation of the Equal Pay Act and West's alleged retaliation. The EEOC then brought suit against West on June 12, 1985, based on the allegations of retaliation contained in plaintiff's second charge to the EEOC, No. 031850152. *EEOC v. West Co.*, No. 85–3342 (E.D.Pa., filed June 12, 1985). Plaintiff, in a separate motion, is also seeking to intervene in the EEOC's action, which motion will be granted. The EEOC also issued a right to sue letter, a prerequisite to a Title VII claim, on October 11, 1985, based on plaintiff's first charge to the EEOC for discriminatory pay practices, No. 031850120.

Count I of plaintiff's proposed amended complaint elaborates on the facts underlying plaintiff's initial FLSA/Equal Pay Act claim and seeks compensatory and injunctive relief. Count II of the proposed amended complaint seeks to add a Title VII claim based on the right to sue letter issued on charge No. 031850120 for sexual discrimination and sexual harassment against both West and Con Sterling, president of the Plastic Container Division and vice chairman of West. Count III of the proposed amended complaint seeks compen-

satory and punitive damages against both West and Sterling for intentional infliction of emotional distress, a state law claim. Finally, plaintiff requests a jury trial on all issues which may properly be tried to a jury.

In reviewing plaintiff's proposed amended complaint, I am guided by the liberal amendment policies of Federal Rule of Civil Procedure 15(a). However, I have discretion to deny leave to amend where the proposed amendment would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983); *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709, 715 (E.D.Pa.1976). Various portions of plaintiff's proposed amended complaint would fail to withstand a motion to dismiss and, thus, as to those portions, the motion for leave to amend will be denied.

 Count I of the proposed amended complaint is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Section 216(c) of the FLSA, however, only authorizes the Secretary of Labor to bring an action. Similarly, an injunctive action under section 217 may only be brought by the Secretary.[1] *Carey v. White*, 375 F.Supp. 1327, 1329 (D.Del.1974). An employee does have a right to bring an action for violations of the Equal Pay Act under section 216(b). That right, however, terminates when the EEOC brings a claim for the same alleged violation under either section 216(c) or 217. The EEOC has brought an action against West based on plaintiff's second charge to the EEOC, No. 031850152, for West's alleged retaliatory actions against plaintiff in violation of both the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), and Title VII, 42 U.S.C. § 2000e–3(a). *EEOC v. West Co.*, No. 85–

3342 (E.D.Pa., filed June 12, 1985). Thus, plaintiff's complaint, under the Fair Labor Standards Act, for violation of the Equal Pay Act will be limited to an action based on West's alleged conduct in failing to pay plaintiff at the same rate as similarly situated male employees. Similarly, plaintiff's proposed claim for injunctive relief under section 217 will be stricken since only the EEOC is authorized to bring an action under that section.

 Count II of plaintiff's proposed amended complaint is brought under Title VII, 42 U.S.C. § 2000e–5(f)(1), and it repeats the allegations of Count I as well as raising further instances of discriminatory conduct which allegedly occurred during plaintiff's employment. Included in these additional claims are allegations that West failed to promote plaintiff and failed to allow her to participate in training programs. Plaintiff also alleges that she was sexually harassed by Con Sterling and that West condoned his actions. The allegations in Count II go beyond those made in plaintiff's first charge to the EEOC, No. 031850120, for which the right to sue letter was issued. Since plaintiff has not included a copy of her original charge, No. 031850120, with her motion, I am not sure of the exact scope of that charge. However, pursuant to the broad remedial purposes of Title VII, "jurisdiction may be exercised over all claims encompassed within the EEOC charge and like or related matters which might reasonably be expected to be subject to an EEOC investigation growing out of the charge." *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963, 970 (E.D.Pa.1977). I will allow plaintiff to include in the complaint all her claims which pertain to discriminatory actions which allegedly occurred during plaintiff's employment. Those claims could reasonably be expected to have been the subject of the EEOC's investigation into alleged discriminatory pay practices for which the right to sue

---

1. Pursuant to Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781 and Pub.L. No. 98–523, 98 Stat. 2705 (1984) (ratifying reorganization plans invalidated because of unconstitutionality of legislative veto), enforcement of the Equal Pay Act is transferred from the Secretary of Labor to the EEOC. *EEOC v. Westinghouse Electric Corp.*, 765 F.2d 389, 390 (3d Cir.1985).

letter was issued.[2] I will not, however, allow plaintiff to maintain her Title VII action based on the alleged retaliatory firing by West. This action was the subject of a separate charge to the EEOC, No. 031850152, for which no right to sue letter was issued. The EEOC, itself, brought action based on that charge and plaintiff has moved to intervene in that action. Thus, there would be an unnecessary duplication of effort if plaintiff were allowed to maintain her claims for retaliation in this action as well. Plaintiff's proposed Count II will, therefore, be permitted insofar as it alleges Title VII claims for discriminatory actions by West and Sterling during plaintiff's employment.

■ Count III of plaintiff's proposed amended complaint raises a state law claim for intentional infliction of emotional distress against West and Sterling. Jurisdiction over this claim is sought under the doctrine of pendent jurisdiction. Exercise of pendent jurisdiction involves constitutional and discretionary considerations. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). The Third Circuit Court of Appeals developed a three-part test for analyzing issues of pendent jurisdiction in *Ambromovage v. United Mine Workers of America*, 726 F.2d 972, 989–90 (3d Cir.1984). The first part of the test requires a court to determine if it has the constitutional power to hear the pendent state claim. *Id.* at 989. To do this, the court must find that the pendent state claim and the federal claim, on which jurisdiction is based, "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. The second part of the test requires the court to examine whether the exercise of jurisdiction over the state claim would violate a specific federal policy which seeks to limit the scope of federal jurisdiction. *Ambromovage*, 726 F.2d at 991. The last part of the

test requires an examination of prudential considerations which should guide a court in determining whether to exercise its discretion to hear the pendent claim. Some of the factors, mentioned in *Ambromovage*, include fairness to the litigants, judicial economy and the interests of federalism. *Id.*

Even assuming that I have the constitutional power to exercise jurisdiction over plaintiff's state law claim, I will decide as a discretionary matter not to hear the state law pendent claim. Defendant argues that allowing a state claim that may result in punitive damages to be pendent to a federal claim that allows only limited relief would violate a federal policy intended to prevent punitive damages in Title VII and Equal Pay Act claims. *See Jong-Yul Lim v. The International Institute of Metropolitan Detroit, Inc.*, 510 F.Supp. 722, 723 (E.D.Mich.1981), *and Gerlach v. Michigan Bell Telephone Co.*, 448 F.Supp. 1168, 1173 (E.D.Mich.1978). However, since the plaintiff could seek punitive damages in state court, even if I refuse to hear the state claim, no federal policy would be defeated by allowing the claim to proceed in federal court. *See Guyette v. Stauffer Chemical Co.*, 518 F.Supp. 521, 525 (D.N.J.1981). The addition of a claim for punitive damages, however, does raise legal and factual issues that would not otherwise be involved in the case and thus can be weighed as a discretionary factor against exercising pendent jurisdiction. *Lazic v. University of Pennsylvania*, 513 F.Supp. 761, 770 (E.D. Pa.1981). The claim for intentional infliction of emotional distress also involves factual and legal inquiries which would complicate the trial of the case and expand its scope beyond the issues involved in the underlying federal claims. *Mazzare v. Burroughs Corp.*, 473 F.Supp. 234, 241 (E.D.Pa.1979). Furthermore, trial of the claim for intentional infliction of emotional distress would require resolution of unset-

---

**2.** Although a different analysis must be used to determine whether the action against Con Sterling can proceed if he was not named in the original charge, No. 031850120, *see Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977), I will

not strike the claim against him at this time since failure to properly allege issuance of a right to sue letter does not effect subject matter jurisdiction. *Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir.1984).

tled state law. *Id.* Thus, while the exercise of pendent jurisdiction over the state claim may to some extent reduce the duplication of effort involved in trying that claim in state court, the overall balance of factors weighs in favor of refusing to exercise pendent jurisdiction over the state claim set out in Count III of the proposed amended complaint.

■ The final issue raised by plaintiff's proposed amended complaint is her demand for a jury trial on all issues for which a jury trial would be proper. In this case, the only issues which could properly be presented to a jury are plaintiff's Equal Pay Act claims since plaintiff is not entitled to a jury trial under Title VII. Defendant argues that plaintiff waived her right to a jury trial, pursuant to Federal Rule of Civil Procedure 38(d), by failing to include a demand for a jury trial in her original complaint. Rule 39(b), however, gives a court the discretion to allow a jury trial, on motion by a party, where a jury trial had not been previously requested as required by Rule 38. Plaintiff argues in support of her motion to amend that she should be allowed to include a jury demand in her amended complaint since her failure to do so in her original complaint was due to the inadvertence of her former counsel. Plaintiff asserts that the original complaint was filed in haste in order to avoid a potential statute of limitations problem. Affidavit of Janet S. Polay, December 12, 1985. Defendant would not be prejudiced by my granting plaintiff relief from her waiver of a jury trial. I will allow her to amend her complaint so as to include a request for a jury trial on her Equal Pay Act claims. *See Plummer v. General Electric Co.,* 93 F.R.D. 311, 313 (E.D.Pa.1982) ("The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application," quoting C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2334 at 115–16 (1971)).

ORDER

Upon consideration of plaintiff Janet S. Polay's motion for leave to amend and the responses and replies thereto,

It is Ordered that:

(1) As to Count I of the proposed amended complaint, plaintiff's motion is granted insofar as it states a claim under the Equal Pay Act for discriminatory pay practices; and it is denied insofar as it seeks injunctive relief and seeks to state a claim based on defendant The West Company's (West) alleged retaliatory actions;

(2) As to Count II of the proposed amended complaint, plaintiff's motion is granted insofar as it states a claim under Title VII for discriminatory actions taken by West and Con Sterling during plaintiff's employment by West and is denied insofar as it seeks to state a claim for retaliatory actions taken by West or Sterling;

(3) As to Count III of the proposed amended complaint, plaintiff's motion is denied; and

(4) As to plaintiff's demand for a jury trial on her Equal Pay Act claims, plaintiff's motion is granted.

It is further Ordered that plaintiff shall have twenty (20) days from the date of this order to file an amended complaint which conforms to this order and the attached memorandum.