**LaVern A. PETTIBON, Plaintiff,**

v.

**PENNZOIL PRODUCTS COMPANY, and Pennzoil Company, a Delaware corporation, Defendants.**

**Civ. A. No. 86–984.**

United States District Court, W.D. Pennsylvania.

Dec. 11, 1986.

John W. Murtagh, Jr., Greenfield & Murtagh, Pittsburgh, Pa., for plaintiff.

George E. Yokitis, Alder, Cohen & Grigsby, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

In this age discrimination action, defendants, Pennzoil Products Company and Pennzoil Company, move for dismissal of a pendent tort claim for alleged intentional infliction of emotional distress. For the reasons stated, defendants' motion will be denied.

LaVern A. Pettibon has filed a two count complaint naming Pennzoil Company and Pennzoil Products Company as defendants. Pettibon's complaint alleges that he was dismissed from his employment with Pennzoil Products Company solely because of his age. Pettibon further alleges that the actions of Pennzoil Products Company were willful and intentional and performed with the full knowledge and approval of the parent company, Pennzoil Company. In Count I of his complaint, Pettibon alleges a violation of § 623(a)(1) of the Age Discrimination in Employment Act

(ADEA), 29 U.S.C. § 623(a)(1), and asks for reinstatement, back pay, and liquidated damages under § 626 of this Act. In Count II of his complaint, Pettibon alleges that defendants' actions were intentional and intended to inflict emotional distress upon him and that therefore he is entitled to punitive and exemplary damages under Pennsylvania tort law. No compensatory damages are alleged in Count II.

Defendants have filed a Rule 12(b) motion asking this Court to dismiss Pettibon's pendent emotional distress claim. Initially, defendants assert that this claim fails to state a claim upon which relief can be granted. Defendants argue that adjudication of the pendent emotional distress claim would circumvent the scope of remedies available under the ADEA because 1) the recovery of damages for emotional distress is not permitted under the ADEA[1] and 2) the award of liquidated damages under the ADEA operates as a penalty for willful violations of the Act and is a legislative substitute for any other punitive award in an age discrimination case.

Pettibon responds to defendants' argument by stating that the ADEA's preclusion of damages for emotional distress has nothing whatsoever to do with a state tort action. Therefore, Pettibon argues that the defendants' motion is premature and that he should be permitted to proceed with discovery in order to demonstrate the bona fides of his emotional distress claim.

■ The ADEA can only operate to bar a state tort claim as a matter of law for the reasons asserted by the defendants if the ADEA preempts state law in the area of age discrimination in employment. Defendants do not argue that the ADEA preempts state law, and no court has held that the ADEA preempts state law. In *Cancellier v. Federated Department Stores*, 672 F.2d 1312 (9th Cir.1982), the

Court of Appeals for the Ninth Circuit in upholding an award of damages for breach of the implied covenant of good faith and fair dealing [2] stated:

> The ADEA does not preempt the award of tort damages on pendent state claims (citations omitted).... While the wisdom of allowing open-ended state claims ... with ADEA claims, whose financial redress Congress has carefully limited to specific damage elements (citations omitted), is arguable, it is for Congress, not us, to decide whether state common law remedies trench too closely on the federal scheme.

*Id.* at 1318.

The conclusion that the ADEA does not preempt state tort law is further supported by Pennsylvania's Human Relations Act, 43 Pa.S.A. § 951 et seq., which also prohibits age discrimination in employment, *see* 43 Pa.S.A. § 953, and which has been recognized by the federal courts as a valid exercise of Pennsylvania's power. *See e.g. Watkinson v. Great Atlantic & Pacific Tea Co., Inc.*, 585 F.Supp. 879, 882 (E.D.Pa. 1984); *DeGideo v. Sperry-Univac Co.*, 415 F.Supp. 227, 229 (E.D.Pa.1976).

■ Although the ADEA does not preempt a state emotional distress claim, determining whether to consider the state claim in an action brought under the ADEA is an entirely different matter which is committed to the discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The justifications for exercising the discretion to hear a pendent claim are based on judicial economy, convenience and fairness to the litigants. *Id.* The issue framed therefore is whether these factors warrant exercising the Court's discretion to consider a state emotional distress claim appended to an ADEA claim.[3]

---

1. Pettibon does not dispute that damages for emotional distress are not recoverable under the ADEA.

2. Under California law breach of the implied covenant of good faith and fair dealing sounds

in both tort and contract. *Cancellier v. Federated Department Stores*, 672 F.2d at 1318.

3. Defendants cite several cases where courts have refused to exercise the discretion to hear a pendent emotional distress claim in a case in-

Defendants argue that judicial economy, convenience, and fairness to the litigants support dismissal of the pendent emotional distress claim. Specifically defendants first argue that the pendent claim presents an unsettled question of state law because the perimeters of the Pennsylvania tort of intentional infliction of emotional distress are undefined. *Mazzare v. Burroughs Corp.*, 473 F.Supp. 234, 241 (E.D.Pa.1979) citing *Jones v. Nissenbaum*, 244 Pa.Super. 377, 368 A.2d 770, 773 (1976). Defendants argue that if the pendent emotional distress claim is litigated along with the ADEA claim jury confusion will result. Although defendants acknowledge that there have been decisions on intentional infliction of emotional distress subsequent to *Jones v. Nissenbaum*, defendants assert that this tort remains undefined in Pennsylvania.

■ One of the considerations supporting dismissal of a pendent claim is the desire to avoid unnecessary decisions of state law so that the parties can obtain a surer footed reading of state law. *United Mine Workers v. Gibbs*, 383 U.S. at 727, 86 S.Ct. at 1139. This factor does not warrant dismissal in the present case. Other courts in the Third Circuit have been presented with intentional infliction of emotional distress claims under Pennsylvania law and have had no difficulty applying this law. *See Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir.1979); *Wenzer v. Consolidated Rail Corp.*, 464 F.Supp. 643 (E.D.Pa.1979); *Beidler v. W.R. Grace, Inc.*, 461 F.Supp. 1013 (E.D.Pa.1978), *aff'd*, 609 F.2d 500 (3d Cir.1979). In addition, standard jury instructions for claims of in-

tentional infliction of emotional distress under Pennsylvania law are available. Pa.S. S.J.I. (Civ.) § 13.03, June, 1984. This tort is therefore sufficiently defined so that it can be heard in a federal court without causing jury confusion and without requiring an unnecessary decision of state law.

Defendants also cite *Mazzare v. Burroughs* for the proposition that the pendent emotional distress claim should be dismissed because this claim introduces additional legal and factual issues into the case. *Mazzare*, 473 F.Supp. at 421. Specifically, defendants state that in order to prove intentional infliction of emotional distress, Pettibon will be required to show actual physical harm under *Jones v. Nissenbaum*, 368 A.2d at 772–73. Defendants argue, therefore, that medical testimony and reports as to Pettibon's physical and mental condition will have to be introduced into the case. Defendants further argue that since the ADEA does not permit damages for emotional distress this type of evidence would not ordinarily be necessary in an ADEA action and would enlarge the scope of the trial.

Although additional medical evidence may be required if the pendent emotional distress claim is heard in the same proceeding as the ADEA claim, the scope of the trial will only be slightly enlarged. More importantly, however, all the facts necessary to prove the state emotional distress claim, aside from the medical evidence of Pettibon's physical and mental condition, can be established from the facts supporting the ADEA claim. If this Court were to dismiss or transfer the pendent emotional

volving the ADEA. *See Marchetti v. Atlas Powder Co.*, 520 F.Supp. 271 (E.D.Pa.1981); *Hannon v. Continental National Bank*, 427 F.Supp. 215 (D.Colo.1977); *Cleary v. United States Lines, Inc.*, 555 F.Supp. 1251 (D.N.J.1983); *Mazzare v. Burroughs Corp.*, 473 F.Supp. 234 (E.D.Pa.1979). Pettibon in response cites *Shipkowski v. United States Steel Corp.*, 585 F.Supp. 66 (E.D.Pa.1983) and *Cory v. Smithkline Beckman Corp.*, 585 F.Supp. 871 (E.D.Pa.1984) for the proposition that a pendent emotional distress claim can be heard in the same proceeding as an ADEA claim. Neither of these cases appears to present the precise question at issue in this case. However, Pettibon also cites *Pierce v. New Process*

*Company*, 580 F.Supp. 1543 (W.D.Pa.1984) where the court said in an action involving the ADEA, that an intentional infliction of emotional distress claim could "be brought in conjunction with statutory actions for discrimination (citation omitted)." *Id.* at 1546. Although the *Pierce* court granted summary judgment to the defendant on the intentional infliction of emotional distress claim, *Id.*, the court apparently would have permitted the pendent state claim to survive at least to the summary judgment stage. As discussed in the remainder of this opinion, the *Pierce* approach appears to be the better reasoned approach.

distress claim and Pettibon were to proceed with this claim in state court, the parties would be required to reestablish and prove facts already proven in the federal action. This would logistically and financially inconvenience both parties as well as waste judicial resources. Therefore, considerations of judicial economy and convenience outweigh the burden of a slightly enlarged scope of trial which will result from considering the pendent emotional distress claim along with the ADEA claim.

While judicial economy and convenience support exercising this Court's discretion to hear the pendent state emotional distress claim, the decision to exercise the discretion to hear the pendent claim must also be fair to the litigants. More specifically, it must be fair to both Pettibon and defendants to permit a state emotional distress claim which permits recovery of emotional and punitive damages to be appended to an ADEA claim which specifically excludes these type of damages.

The legislative history of the ADEA indicates that its purpose was to promote employment of older persons based on their ability, to prohibit arbitrary age discrimination, and to facilitate solving the problems of age discrimination in employment. S.Rep. No. 95-493, 2 (1977) reprinted in U.S.Code Cong. and Admn.News 504, 505 (1978). Permitting an employee whose employer has discriminated against him solely because of age, to take advantage of all existing legal rights is therefore not inconsistent with the purposes of the ADEA.

Not only is it fair to permit Pettibon to assert his pendent emotional distress claim in an ADEA proceeding, but it

also is not unfair to defendants. Since a state emotional distress claim is not preempted by the ADEA, defendants have no reason to expect that they will not be subject to such a claim. Therefore, the course of action most fair to both defendants and Pettibon is to permit Pettibon an opportunity to prove his pendent emotional distress claim.[4] This is not to say, however, that defendants cannot move for summary judgment on the pendent emotional distress claim once sufficient facts have been established. However, until such facts can be ascertained, it would be unfair and premature to dismiss an available remedy for age discrimination when it arises from the same nucleus of facts out of which the ADEA claim arises. Therefore, defendants' motion to dismiss the pendent state tort claim will be denied.

**4.** This also does not circumvent the ADEA exclusion of damages for emotional distress. In order to recover emotional distress damages, Pettibon must prove 1) that defendants' conduct was outrageous, *See Jones v. Nissenbaum,* 368 A.2d at 772, and 2) that Pettibon physically suffered emotional distress, *id.,* at 772–773. Although outrageous conduct is also the standard to determine if defendants willfully violated the ADEA in a case like this, *See Dreyer v. ARCO Chemical Company,* 801 F.2d 651 (3d Cir.1986),

Pettibon must additionally prove that he actually suffered emotional distress under his pendent emotional distress claim. Therefore, to the extent Pettibon can carry his burden of proof he will have established damages to which he is legitimately entitled under state law. Therefore, damages recoverable under the pendent emotional distress claim do not circumvent the ADEA but merely represent additional relief available to remedy Pettibon's injury.