Jon SCHOUTEN, Plaintiff,

v.

CSX TRANSPORTATION, INC., Defendant.

No. CIV.A. 99–2497.

United States District Court,
E.D. Pennsylvania.

July 29, 1999.

Christine E. Munion, Bala Cynwyd, PA, for Plaintiff.

Michael F. Kraemer, Philadelphia, PA, for Defendant.

### MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Presently before the Court is the partial motion to dismiss of defendant CSX Transportation, Inc. ("CSX"), pursuant to Fed.

R.Civ.P. 12(b)(6), and the response of plaintiff Jon Schouten ("Schouten") thereto.[1] Specifically, CSX moves to dismiss the claims of Schouten alleging discrimination on the basis of national origin and in unlawful retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), as well as the claims of Schouten alleging discrimination on the basis of national origin under the Civil Rights Act of 1866. CSX also moves to strike the claims of Schouten for a trial by jury and for punitive damages under the PHRA. Based on the following analysis, the motion of CSX will be granted in part and denied in part.

## I. Background[2]

Schouten, an individual of Antiguan ancestry, enrolled in a Railroad Trainman/Conductor Training Program at the Community College of Philadelphia during 1998. Of the fifteen individuals enrolled in the program, he was the only one who was not Caucasian. The plaintiff claims that despite having successfully completed the course, he was the only one of the fifteen who was not offered employment with CSX. (Complaint of Plaintiff Jon Schouten ("Complaint") ¶ 25). Specifically, he claims that he was not hired because of his race and his accent. (Complaint ¶ 30, 54). Although he did eventually receive a letter from Eileen Ward, Director of Staffing/Solutions for CSX, purporting to offer him a position, subject to several conditions, he was unable to secure final confirmation of this offer despite repeated efforts to do so,

with the end result being that no such offer was ever officially made.

Subsequently, Schouten filed a charge with the EEOC which was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). The "particulars" of the charge contain two relevant statements. First, Schouten stated: "[o]n April 10, 1998, Don [Parkers] and Sam indicated that I had an accent and would not be a good conductor."[3] (EEOC Charge at 1). Second, he stated that: "I believe that I have been discriminated against because of my race (black) in violation of Title VII of the civil Rights Act of 1964, as amended, in that I was the only one [of the fifteen students enrolled in the program] not offered employment during the five weeks of training that started on March 9, 1998." (EEOC Charge at 2). In addition, Schouten checked the box indicating his allegations concerned a charge of discrimination based upon race. The boxes indicating allegations of discrimination based upon national origin and of retaliatory conduct, however, were unmarked.

Upon receiving a right to sue letter, Schouten filed this suit under Title VII and the PHRA, alleging discrimination based upon his race and national origin and retaliatory conduct, and also under 42 U.S.C. § 1981 ("the Civil Rights Act of 1866"), alleging discrimination based upon his race and national origin. Schouten also made claims under the PHRA for a trial by jury and for punitive damages.

---

**1.** CSX fails to assert a more specific ground for dismissal than Fed.R.Civ.P. 12(b). However, its motion will be treated by the Court as a 12(b)(6) motion, as such is appropriate in the context of CSX's arguments that discrimination based on national origin is not actionable under 42 U.S.C. § 1981, that trial by jury and punitive damages are unavailable under the PHRA, and that Schouten failed to exhaust his administrative remedies under both Title VII and the PHRA. *See Robinson v. Dalton,* 107 F.3d 1018, 1022 (3d Cir.1997); *Laube v. Secretary of the Air Force,* No. CIV. A.99–1325, 1999 WL 305520, at *1 (E.D.Pa. May 12, 1999) (converting a motion to dis-

miss for failure to exhaust administrative remedies made pursuant to Fed.R.Civ.P. 12(b)(1) to a 12(b)(6) motion).

**2.** The following facts are gleaned from the complaint and taken as true and in the light most favorable to plaintiff, as the non-moving party.

**3.** While it is unclear from the pleadings, CSX does not question the identity or position of Don Parkers and Sam, whose last name is unstated. The Court assumes that these are employees or otherwise agents of CSX.

## II. Legal Standard for a Motion to Dismiss

Rule 12(b) of the Federal Rules of Civil Procedure provides that "the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted." In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Because the Federal Rules of Civil Procedure require only notice pleading, they should contain merely "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a).

## III. Analysis

CSX argues that the claims of Schouten under Title VII and the PHRA alleging discrimination based upon national origin and retaliatory conduct should be dismissed because his charge to the EEOC and PHRC did not contain such allegations. Specifically, CSX asserts that not only were the boxes corresponding to such allegations unmarked, but that notice of such claims was not provided by the "particulars" of the charge. Thus, it asserts that the claim was not fairly encompassed within either the EEOC charge or the notice of right to sue which stemmed from that document. CSX also argues that discrimination upon the basis of national origin is not actionable under the Civil Rights Act of 1866, and, therefore, that claims under that statute sounding in such should be dismissed. Finally, CSX argues that Schouten is entitled to neither trial by jury nor punitive damages under the PHRA.

### A. *Failure to File National Origin Discrimination or Retaliation Charges with the EEOC or with the PHRA*

■ Preliminarily, it is important to note that there are several jurisdictional prerequisites to the valid assertion of a claim under Title VII. Foremost among these are the requirements that Title VII litigants file charges with the EEOC and receive a "right to sue" letter from that body before filing suit. *See Hughey v. N. Philadelphia Health Sys.,* No. CIV.A.96–4695, 1996 WL 547396, at *1 (E.D.Pa. Sept.25, 1996) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3d Cir.1976)). The rationale for this was delineated by the *Ostapowicz* Court: "[These steps are] designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action. While preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion, the aggrieved person is not permitted to bypass the administrative process." 541 F.2d at 398 (internal citations omitted).

These administrative exhaustion requirement, however, is tempered by a fairly liberal construction given to EEOC charges. *See Polay v. West Co.,* 629 F.Supp. 899, 901 (E.D.Pa.1986). Indeed, the failure to check a particular box on an EEOC charge, such as is the case here, is not necessarily indicative of a failure to exhaust the mandatory administrative remedies. *See Doe v. Kohn Nast & Graf, P.C.,* 866 F.Supp. 190, 196 (E.D.Pa.1994) (" '[W]e decline to hold that the failure to place a check mark in the correct box is a fatal error. In the context of Title VII, no one ... should be boxed out.' ") (quoting *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 463 (5th Cir.1970)). Rather if the allegations made in the complaint filed in this Court could be "reasonably expected to grow out of" those contained made in the EEOC charge, the pleading of the plaintiff will withstand a motion to dismiss, as the administrative remedies available to the plaintiff will have been exhausted. *Page v. ECC Management Servs.,* No. CIV.A.97–2654, 1997 WL 762789, at *3 (E.D.Pa. Dec.8, 1997) (quoting *Ostapowicz,* 541 F.2d at 399). In such a case, the Court may reasonably expect an aware-

ness on the part of the defendant that such allegations are likely.

In the EEOC charge, Schouten expressly stated: "[o]n April 10, 1998, Don [Parkers] and Sam indicated that I had an accent and would not be a good conductor." (EEOC Charge at 1). Though not an explicit allegation of discrimination based on national origin itself, this statement should have led CSX to believe that such a claim was possible. In other words, a claim of discrimination on the basis of national origin could be reasonably expected to grow out of the allegations in the EEOC charge.

■ Moreover, it seems at least possible, if not probable, that Schouten, who is unschooled in the technical distinction between racial and national origin discrimination, assumed that the actions on the part of CSX constituted the former as opposed to the latter. In such situations, "not to allow the lawsuit would . . . penalize . . . a lay person for not attaching the correct conclusion to [his] claim and thus would . . . constitute . . . an improperly narrow construction of Title VII." *Rodriguez v. Am. Parts Sys.*, No. CIV.A.86–3904, 1986 WL 13034, at *2 (E.D.Pa. Nov.19, 1986). Accordingly, the motion of CSX to dismiss the claims of Schouten under Title VII which are based upon alleged national origin discrimination will be denied.

■ In contrast, the effort of Schouten to proceed on his claim of retaliatory conduct must fail. The EEOC charge of Schouten contains no allegations which could remotely be construed as claims of retaliatory conduct on the part of CSX. Therefore, Schouten has not satisfied the exhaustion of administrative remedies requirement of Title VII. Accordingly, to the

extent that Schouten's amended complaint alleges charges of retaliation in violation of Title VII, those claims must be dismissed. *See Sosa v. Floyd,* No. CIV.A.98–6602, 1999 WL 240070, at *3 (E.D.Pa. Apr.23, 1999); *see also Fosburg v. Lehigh Univ.,* No. CIV.A.98–864, 1999 WL 124458, at *6 (E.D.Pa. Mar.4, 1999).

■ These results are identical to those under the PHRA. The PHRA also requires the exhaustion of administrative remedies before suit may be filed in court. *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir.1999). Moreover, the analysis of whether a plaintiff has failed to exhaust those remedies under the PHRA is identical to that of whether he or she has done so under Title VII. *Page*, 1997 WL 762789, at *4. Just as in *Page*, the claim of discrimination on the basis of national origin made by Schouten in this case "could reasonably be found to 'grow out of' Plaintiff's prior PHRA [charge]."[4] *Id.* However, the charge is silent as to allegations of retaliation. Therefore, unlike his claim of national origin discrimination, Schouten has failed to exhaust his administrative remedies under the PHRA insofar as he claims retaliatory conduct in his complaint, and that claim will consequently be dismissed.

*B. The Actionability of Discrimination on the Basis of National Origin under the Civil Rights Act of 1866*

■ The Civil Rights Act of 1866, 42 U.S.C. § 1981, prohibits discrimination on the grounds of race.[5] *See, e.g., St. Francis College v. Al–Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Runyon v. McCrary*, 427 U.S. 160, 168, 174–75, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). In his complaint, Schouten alleges that he has been subject to discrimination

---

4. The EEOC charge, again, was cross-filed with both the EEOC and PHRA.

5. The statute provides, in relevant part:

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

   evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and to exactions of every kind, and to no other.

   42 U.S.C. § 1981.

on the basis of both his race *and* his national origin, and that such constitutes a deprivation of the rights guaranteed by § 1981. (Complaint ¶ 54). Section 1981, however, does not bar discrimination purely on the basis of national origin. *See Bennun v. Rutgers State Univ.*, 941 F.2d 154, 172 (3d Cir.1991) ("Section 1981 does not mention national origin"), *cert. denied* 502 U.S. 1066, 112 S.Ct. 956, 117 L.Ed.2d 124 (1992); *King v. Township of E. Lampeter*, 17 F.Supp.2d 394, 417 (E.D.Pa.1998) (holding that disparate treatment on basis of national origin not within scope of § 1981). Thus, to the extent that Schouten alleges that he was discriminated against solely on the basis of his national origin, his claim is not cognizable under § 1981.[6]

## C. The Entitlement of Plaintiff to a Trial by Jury under the PHRA

The availability of a trial by jury under the PHRA is an issue which has proved divisive between the state courts of this Commonwealth and the federal courts situated here. *Compare Wertz v. Chapman Township*, 709 A.2d 428, 432–33 (Pa. Cmwlth.1998) ("We agree with the Superior Court in *Murphy [v. Cartex Corp.*, 377 Pa.Super. 181, 546 A.2d 1217 (1988)] that Art. I, Section 6 [of the Pennsylvania Constitution] only preserves the right to a jury in those cases where it existed at the time the constitution was adopted [and therefore it is unavailable here].") (citations omitted) *with Donohue v. Klinghoffer*, No. CIV.A.96–8114, 1998 WL 525804, at *2–3 (E.D.Pa. Aug.21, 1998) ("I conclude that the Pennsylvania legislature knew the significance of the term 'legal relief' written into the statute when it enacted the PHRA [and moreover].... [u]nder the Seventh Amendment, when a statute provides for a claim for legal relief, the right to a jury trial remains in tact.").

■ In the absence of a decision of the Pennsylvania Supreme Court to the contrary, I conclude that the reasoning of the several cases holding that a jury trial is a matter of right under the PHRA remains sound.[7] *See Donohue*, No. CIV.A.96–8114, 1998 WL 525804, at *2–3; *Linsalata v. Tri–State General Ins., Ltd.*, No. CIV. A.92–0596, 1992 WL 392586, at *2 (E.D.Pa. Dec.17, 1992); *Galeone v. Am. Packaging Corp.*, 764 F.Supp. 349 (E.D.Pa.1991); *Lubin v. Am. Packaging Corp.*, 760 F.Supp. 450 (E.D.Pa.1991). Therefore, the motion of CSX to strike the demand for a jury trial will be denied.

## D. The Entitlement of Plaintiff to Punitive Damages under PHRA

■ The Pennsylvania Supreme Court recently held that punitive damages are

---

**6.** Schouten argues that "similar to the plaintiff in *St. Francis College* ... [plaintiff's] allegations ... under § 1981 revolve around him being Antiguan, rather than solely on the place of the nation of his origin." (*See* Memorandum of Law in Opposition to Motion of the Defendant at 7). In *St. Francis College*, the Supreme Court held that, for purposes of § 1981, race is to be interpreted broadly and may encompass ancestry or ethnic characteristics. 481 U.S. at 613, 107 S.Ct. 2022. Therefore, insofar as a claim for discrimination based upon ancestry or ethnic characteristics is actionable under § 1981, it is only because such a claim is understood to be a claim for race discrimination. *See Holness v. Penn State Univ.*, No. CIV.A.98–2484, 1999 WL 270388, at *6 (E.D.Pa. May 5, 1999) ("Plaintiff argues that a person born in Jamaica may suffer discrimination, not merely because of the color of his skin, or because of linguistic traits, but because he possessed other characteristics common to Jamaican born persons. This type of discrimination is not based on national origin; it is based on race."). Thus, insofar as Schouten could make out an actionable claim under § 1981 for discrimination based upon his being Antiguan, it would be redundant with his race discrimination claim. Conversely, a claim alleging discrimination based upon national origin alone (which cannot be understood as a claim for race discrimination) must fail as such is not cognizable under § 1981.

**7.** I note that the Court of Appeals for the Third Circuit found it unnecessary to resolve this question in its most recent opportunity to do so. *See Rego v. ARC Water Treatment Co. of Pennsylvania*, 181 F.3d 396, 403 (3d Cir. 1999). I also note that an appeal has been taken in *Wertz. See Wertz v. Chapman Township*, 727 A.2d 134 (Pa.1998).

not available under the PHRA. *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 751 (1998). Thus, the motion of CSX to strike the demand for punitive damages under the PHRA will be granted.

## IV.   Conclusion

Based on the foregoing, the motion of CSX will be granted in part and denied in part. An appropriate Order follows:

### ORDER

**AND NOW** this 29th day of July, 1999, upon consideration of the motion of defendant CSX Transportation, Inc., pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the claims of plaintiff Jon Schouten alleging discrimination on the basis of national origin and unlawful retaliation under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, as well as the claims of Schouten alleging discrimination on the basis of national origin under the Civil Rights Act of 1866, and to strike the claims of Schouten for a trial by jury and for punitive damages under the PHRA and the response of Schouten thereto, and for the reasons set forth in the foregoing memorandum, it is hereby **ORDERED** that:

1. The motion of CSX to dismiss is **GRANTED** insofar as it pertains to claims made by Schouten alleging retaliatory conduct under Title VII and under the PHRA, and discrimination on the basis of the national origin under 42 U.S.C. § 1981. The motion of CSX to strike the demand of Schouten for punitive damages under the PHRA is also **GRANTED**.

2. The motion of CSX is in all other respects **DENIED**.

**IT IS FURTHER ORDERED** that CSX shall answer the complaint no later than August 19, 1999.